(No. 11384.—Judgment affirmed.)

THE PEOPLE *ex rel.* Nancy S. Tilden, Appellee, *vs.* J. J. MASSIEON *et al.* Appellants.

*Opinion filed June 21, 1917.*

1. MUNICIPAL CORPORATIONS—*city council may be compelled by mandamus to approve plat of subdivision.* Where the statutes and ordinances have been complied with in the making of a plat of a subdivision the duty of the city council to approve the plat is ministerial and may be enforced by *mandamus,* and where there is no general ordinance on the subject the owner need only conform to the requirements of the statutes.

2. SAME—*owner cannot, by making a plat, impose duty on city to care for streets and alleys.* The making and recording of a plat of a subdivision is no more than an offer, which is not binding on the municipal authorities until acceptance; and the owner cannot, by making such plat, impose upon the public authorities the burden of caring for the streets and alleys included therein.

3. SAME—*approval of plat of subdivision is not an acceptance of the streets shown.* The approval by the city council of a plat of a subdivision is evidence that the plat complies with the statutes and with the ordinances of the city, but it is not an acceptance of the streets and passageways shown on the plat, and the city still has the right to elect what streets shall become public highways.

4. SAME—*proviso of 1915 to section 62 of Revenue act, as to approval of plats by city councils, construed.* The proviso of 1915 to section 62 of the Revenue act, that no new subdivision of any tract of land shall be approved by a city unless all redeemable sales

for unpaid taxes have been redeemed and all forfeited taxes paid and such fact indorsed on the plat by the county clerk, is subject to the general statutory provision that an amended law shall not affect any act done or right accrued under the former law; and said proviso does not .apply to plats submitted for approval before the proviso took effect.

5. SAME—*what is not a valid objection to plat of subdivision.* The city council cannot refuse to approve a plat of a subdivision because the figures on it are not designated as feet, where the plat shows on its face that it is made to a scale of 100 feet to the inch, the surveyor certifies the plat is correct, and the lines and spaces correspond to the numbers as indicating feet according to the scale.

6. MANDAMUS—*when appearance of State's attorney or Attorney General is not necessary.* The appearance of the State's attorney or Attorney General is not necessary in a petition for *mandamus* to compel the city council to approve a plat of a subdivision, as the right sought to be enforced is that of the property owner and the public is not concerned.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

CHARLES W. HELMIG, for appellants.

HOBERG & HOBERG, and McDOUGALL & CHAPMAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Nancy S. Tilden filed a petition in the circuit court of LaSalle county against the mayor and city council. of the city of Peru for a writ of *mandamus* requiring them to approve a plat of a subdivision of a tract of land within the corporate limits of the city which she had caused to be made, to be called Tilden's addition to Peru. A demurrer to the petition having been overruled the respondents elected to stand by the demurrer, and a judgment was rendered against them awarding a peremptory writ of *man-*

*damus,* from which they appealed to the Appellate Court, where the judgment was affirmed, and they were granted a certificate of importance and a further appeal to this court.

Chapter 109 of the Revised Statutes authorizes the owner of lands wishing to subdivide them for the purpose of making an addition to a city, to cause them to be surveyed and a plat to be made of them, which, together with the certificate of the surveyor and the acknowledgment of the owner, shall be recorded in the recorder's office of the. county in which the land is situated. The selling or offering for sale of any lot or block in any city without complying with these requirements is prohibited under penalty of a fine of $25 for each lot so sold or offered for sale, and by section 5 of the chapter it is declared to be unlawful for the recorder to record any plat of land situated in any city until it shall have been approved by the legislative authority of the city in which the land is situated or by some city officer designated by resolution or ordinance. Section 5 of article 10 of the Cities and Villages act provides that the city council may by ordinance provide that any such plat shall be submitted to the city council or some officer designated by the council for approval, and in such case no such plat shall be entitled to record or have any validity until it shall have been so approved. The petition averred that the city council of the city of Peru had never passed any ordinance in accordance with the authority conferred by the statute; that the petitioner was the owner of certain described real estate which had been within the corporate limits of the city for many years; that she had caused it to be platted into lots, blocks, streets and alleys as an addition adjoining the platted part of the city, to be called Tilden's addition to Peru; that on January 9, 1914, she presented the plat to the city council for approval but the council refused to approve the plat. A copy of the plat was attached to and filed with the petition for *mandamus.*

Where the provisions of the statutes and the ordinances of the city have been complied with in the making of a plat for an addition to the city, the duty of the council to approve the plat is ministerial and may be enforced by *mandamus*. (26 Cyc. 250.) The right to subdivide real estate within a city and to dispose of it in lots, with reference to streets, alleys and other public grounds, affects the value of the property very materially. In the absence of any statute on the subject the owner of land might subdivide it in any way he saw fit, having regard only to his own wishes and without regard to public convenience. The legislature has seen fit to confer upon city councils the right to regulate the subdivisions of property within the corporate limits by requiring the approval of the plats of such subdivisions by the legislative authority of the municipality which has jurisdiction over the streets, alleys and public grounds. The city council may by ordinance require every such plat to be submitted to the council itself for approval or it may authorize the approval by some designated officer of the city. To this extent the right of the owner to have the plat of the subdivision of his land recorded and to sell his land with reference to such plat is limited, but no farther. There is no absolute discretion in the city council as to the approval of a plat. It may by ordinance, no doubt, regulate the direction and width of the streets and alleys and the location of public grounds and require conformity with existing subdivisions, streets and alleys, but such regulation must be by a general ordinance applying to all alike. The city council cannot, by failing to pass any ordinance, reserve to itself arbitrary discretion to approve plats or not to approve them. Where the city has not passed any ordinance on the subject, the only requirements to which the owner is obliged to conform are those of the statute. No discretion is vested in the city council to refuse approval of a plat which conforms to the statute and does not fail to conform to the provisions of any ordinance.

The statute provides that the acknowledgment and recording of the plat shall be held to be a conveyance, in fee simple, of such portions of the premises as are marked on the plat as donated or granted to the public or any person, religious society, corporation or body politic. It is argued that by compelling the approval of the plat the municipality would be compelled to accept the burden of maintaining the streets and alleys, and that the acceptance of streets and alleys proposed to be conveyed is discretionary with the municipal authorities. This argument assumes that the approval of the plat by the city council would constitute an acceptance of it as a conveyance of the public grounds indicated on the plat. The making and recording of the plat is no more than an offer which is binding on the maker of the plat but not upon the municipal authorities until acceptance. The owner of property cannot, by making a plat of an addition to a city, impose upon the public authorities the burden of caring for the streets and alleys included in his subdivision of the property. (*Littler* v. *City of Lincoln,* 106 Ill. 353; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 id. 235.) The approval of the plat by the city council is evidence that the plat complies with the statute and the ordinances of the city, but it is not an acceptance of the streets and passageways shown upon the plat. Notwithstanding such approval the city still has the right to elect what streets upon the plat shall become public highways and public charges upon the municipality for their maintenance. *Russell* v. *Chicago and Milwaukee Electric Railway Co.* 205 Ill. 155.

In 1915 section 62 of the Revenue act was amended by adding the proviso that no new subdivision of any tract of land should be approved by a city, incorporated town or village officer unless all redeemable sales for unpaid taxes or special assessments had been redeemed and all forfeited taxes or special assessments paid, and that before such approval a statement from the county clerk should be indorsed

upon the plat to the effect that the county clerk "finds no reasonable [redeemable] tax sales or unpaid forfeited taxes against any of the real estate included in such plat." (Laws of 1915, p. 575.) No such certificate was indorsed on the plat presented to the city council. This amendment went into force during the pendency of this suit and more than a year after the filing of the petition. It contained no saving clause as to pending suits or rights accrued. The appellants insist that the court was without authority, after the passage of this amendment, to award a writ of *mandamus* requiring an approval of the plat without a compliance with the proviso. Section 4 of chapter 131 of the Revised Statutes provides that no new law shall be construed to repeal a former law as to any act done, right accrued or claim arising under the former law, or in any way whatever to affect any act so done, right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. The amendment of 1915 must be read as if it contained this provision. The appellee had no vested right in the law prescribing the terms on which she might have her land subdivided and the plat approved and recorded. The legislature might have made the amendment of 1915 apply to and affect all cases where the plat had not been approved by the city council, whether an application had been made for such approval or not or whether suit had been begun to compel such approval or not. (*People* v. *Binns,* 192 Ill. 68.) But it did not do so. The amendment was subject to the general provision that it did not affect any act done or right accrued under the former law. When the petitioner presented a plat to the council in January, 1914, she had complied with every requirement of the law to entitle her to have her plat approved and recorded, and when she filed her petition in April, 1914, for a writ of *mandamus,* she was entitled, un-

der the former law, to that relief. The subsequent amend-ment of the law not having been made expressly applicable to rights accrued, did not affect her right which had then accrued to have her plat approved.

The appellants insist that the petition is not good because it is presented in the name of the People of the State of Illinois and does not purport to be prosecuted by the State's attorney or the Attorney General. No public interest is in-volved; the petition purports to be on the relation of Nancy S. Tilden, an individual whose property rights, alone, are affected; the right sought to be enforced is her individual right, and in such case the public is not concerned, and the appearance of the State's attorney or Attorney General is no more necessary than in a suit in the name of the Peo-ple upon an administrator's or guardian's bond.

It is objected that the copy of the plat attached to the petition and referred to as so attached and marked "Ex-hibit A" and made a part of the petition is not sufficiently identified, because such copy does not appear to be marked "Exhibit A." It is the only plat attached to the petition or appearing in the record, and it is sufficiently identified as a copy of the plat which was submitted to the city coun-cil for approval.

It is argued that the plat does not comply with the requirements of the statute because it does not show the length and breadth of the streets and alleys and of the lots distinctly, by showing, either on the plat itself or on the certificate attached to it, that the figures on the plat designate so many feet. There are various figures on the plat indicating the length of certain lines and the width of certain spaces which would entirely meet the objection if they were followed by the word "feet," but they are not, and the certificate does not state that they indicate feet. The plat does, however, show on its face that it is made to a scale of 100 feet to the inch, the surveyor certifies

that the plat is correct, and the lines and spaces correspond to the numbers as indicating feet according to the scale. There can be no doubt, therefore, that the figures on the plat refer to feet.

The demurrer was properly overruled.

*Judgment affirmed.*