**NICODEMUS, Mayor of City of Drumright, et al. v. STATE ex rel. PARKER.**

No. 11393—Opinion Filed June 7, 1921.

(Syllabus.)

1. **Licenses—Requisites to Obtain License for Pool Hall—Refusal by City.**

Where a person desiring to conduct a pool and billiard hall in an incorporated city or town in this state, has obtained a license therefor from the county judge, as required by chapter 21, Session Laws of 1915, and has deposited the license fee required by the ordinance of said city or town, and otherwise complied with the ordinance, the city authorities have no power to refuse a city license.

2. **Same—Qualification of Licensee—Powers of City—Ordinances.**

The qualifications of one who has obtained a license to conduct a pool and billiard hall from the county judge, have been determined, and the mayor and council of a city or town have no power to by ordinance prescribe additional qualifications.

3. **Same—Discrimination Against Applicant —Mandamus to Compel Issuance.**

Under a general ordinance of a city or town licensing pool and billiard halls, the city authorities have no right to make an ar-

pitrary discrimination in granting license; they cannot grant the same to favored ones and refuse another, who has in all respects complied with the statutes of the state and ordinances of the city, and one who has brought himself strictly within the requirements regulating the licensing power, may compel, by mandamus, the corporate authorities to grant him a license, when it is refused through mere caprice.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action in mandamus by the State, on the relation of G. M. Parker, against W. E. Nicodemus, Mayor, and Katherine Williams Burke, City Clerk of the City of Drumright, to compel issuance of pool hall license. Peremptory writ of mandamus granted, from which the defendants appeal. Affirmed.

Hughes & Foster, for plaintiffs in error.

John N. Hill, for defendant in error.

NICHOLSON, J. This is an action in mandamus instituted in the superior court of Creek county by the defendant in error against the plaintiffs in error, wherein it was sought to require the plaintiffs in error to issue a pool hall license to the relator, G. M. Parker, under ordinance No. 197 of the city of Drumright, providing for the licensing of public pool and billiard halls. The court granted a peremptory writ, and from the order so granting the same, and from the order overruling motion for a new tial, plaintiffs in error appeal. We will hereafter refer to the parties as they appeared in the trial court.

Te petition for the writ, which it was stipulated was to be regarded as the alternative writ, alleged in substance that the defendant W. E. Nicodemus was mayor, and the defendant Katherine Williams Burke was city clerk, of the city of Drumright; that on the 11th day of March, 1920, the Honorable J. V. Frazier, judge of the county court, issued to said plaintiff a pool hall and billiard hall license to operate and maintain a pool hall at No. 104 East Broadway, in the city of Drumright, Oklahoma; that said license had never been revoked, but was still in full force and effect; that on the 13th day of March, 1920, said plaintiff made application to the city of Drumright for a pool hall license in pursuance of the ordinance of said city, and deposited the sum of $140 with the city clerk, Katherine Williams Burke, as in said ordinance required. That it is made the legal duty of the mayor and city clerk to issue said license upon the compliance of said applicant with said ordinance, and the laws of the state of Oklahoma; that said plaintiff had

complied with the laws of the state of Oklahoma and the United States laws, and that he had complied with all legal requirements of the ordinance of the city of Drumright, but that, notwithstanding, the said W. E. Nicodemus, defendant, did on or about the 3rd day of April, 1921, arbitrarily and without assigning any legal reason or excuse, refuse to issue said plaintiff his pool hall license, and still refuses to issue the same. That plaintiff had gone to a great deal of expense; that he was the owner of the building where said contemplated business was to be operated; that he had installed fine fixtures and equipment with which to conduct said business, which were then lying idle owing to the wrongful acts of said defendant in refusing to issue to him a license as required by law, and that he was being damaged in the sum of $10 each day he was being kept from operating said business, and was being deprived of his property and property rights without due process of law. That the said sum of $140 paid the city clerk by him was the exact amount required for a license fee under said ordinance; that the other requirements of said ordinance had been judicially determined by the county judge, as appears by plaintiff's county license, and that said defendants were without further discretion in the matter; and prayed that, being otherwise remediless, a writ of mandamus issue requiring and compelling said defendants to comply with their legal duty and issue to said plaintiff a pool hall and billiard license as applied for.

The return to the writ, omitting the caption, reads as follows:

"Comes now the defendant, W. E. Nicodemus, as mayor of the city of Drumright, and Katherine Williams Burke, as city clerk, and for answer and return to the alternative writ of mandamus issued herein states:

"1st. That the alternative writ does not state sufficient facts to entitle the relator to the relief prayed for, or to any relief.

"2nd. That the said alternative writ states facts which preclude the relator from the relief demanded, and for any relief.

"3rd. And for further answer the said defendants deny each and every allegation in said petition contained, except such as are hereinafter specifically admitted:

"That defendants admit that the relator on the 13th day of March, 1920, made application to the city of Drumright for a pool hall license in pursuance to an ordinance of said city, a copy of which is attached to relator's petition herein, and admit that said relator deposited with the city clerk one hundred and forty dollars ($140.00) as in said ordinance required and the defendants admit that on the 3rd day of April, 1920, the said defendant,

W. E. Nicodemus, as mayor of the said city of Drumright, refused to issue the said relator a pool and billiard license, and admit that he still refuses to issue the same.

"Wherefore, defendants having fully answered pray that the alternative writ heretofore issued be quashed, set aside and held for naught, and that the relief prayed for be refused and denied and that the defendants have judgment for their costs herein expended, and that the petition of the plaintiff be dismissed."

The allegations of the petition were fully sustained by the evidence of the plaintiff. and no evidence was introduced on behalf of the defendants.

By the provisions of section 2, ch. 21, Session Laws 1915, it is made unlawful for any person or corporation to operate a public pool or billiard hall or public pool or billiard table in any incorporated city or town without first securing a license issued by the county judge, and the person applying for such license must make a showing once each year and satisfy the county judge that he is a person of good moral character; that he has never been convicted of violating any of the laws commonly called prohibitory laws, or convicted of violating any of the gambling laws of the state or has paid the special liquor dealers' tax to the United States; and must make further proof that no special liquor dealers' tax stamp or receipt issued by the United States is held by any person occupying that part of such building in which the pool or billiard hall is to be located. A fee of $5 per year shall be charged by the county judge for issuing such license.

It is further provided that, upon application being filed, the county judge shall give five days' notice by posting notices, one of which shall be at the county courthouse, and three in the city or town where said pool hall shall be located, which notices shall contain the name of the applicant and the location of said pool or billiard hall, and any citizen of said city or town may appear before the county judge and protest the issuance of said license; and the statute imposes a fine of not less than $25 nor more than $100 for the violation of said provision. And by section 4 of sad act it is provided that said act shall in no way impair the right of any incorporated city or town to impose an additional license fee for maintaining any such pool or billiard hall or table, or prevent any city or town from abolishing same under existing laws.

The then existing law pertaining to pool and billiard halls is chapter 225, Session Laws 1913, section 1 of which reads as follows:

"The city council of each city of the state and the board of trustees of each incorporated town or village shall have the power to enact ordinances to restrain, prohibit and suppress games and gambling houses, bowling alleys, pool and billiard tables, and other gambling tables."

In February, 1920, the mayor and councilmen of the city of Drumright adopted ordinance No. 197, entitled:

"An ordinance providing for the licensing of public pool and billiard halls and public pool and biliard tables within the city of Drumright; providing fees therefor; providing for the revocation of such license and providing for the punishment of a violation of this ordinance and declaring an emergency."

Sections 2, 3, and 4 of said ordinance are as follows:

"Section 2. Any person, persons or corporation maintaining or operating or desiring to maintain and operate a public pool or billiard hall, or any public pool or billiard table within the corporate limits of the city of Drumright, shall before being permitted to open any such public pool or billiard hall or any such public pool or billiard table within the corporate limits of the city of Drumright, first, make application in writing and file the same with the city clerk, wherein it shall be shown the name of the person, persons or corporation so making application for such license and the residence of each and the place within the corporate limits of the city of Drumright wherein such pool or billiard hall, or public pool or billiard table is to be maintained and operated, describing the premises so that the same may be located within reasonable certainty; the number of pool or billiard tables to be operated; and at the same time the person, persons, or corporation so making such application shall deposit with the city clerk the annual fee hereinafter provided for.

"Section 3. The person, persons or corporation so applying for such license, as aforesaid, must thereupon bring his application before the mayor of the city of Drumright, and must make a showing to satisfy the mayor that the applicant is a person of good moral character; that he has never been convicted of the violation of any of the laws of the state of Oklahoma, nor the ordinances of the city of Drumright, relating to pool and billiard halls, or of any of the laws of the state of Oklahoma, or ordinances of the city of Drumright, prohibition traffic in any spirituous, vinous or fermented liquors, or of any of the laws commonly called 'Prohibition Laws'; that the building wherein said pool or billiard hall is to be operated and maintained is not used in whole, or in part, for the purpose of violating any of the laws aforesaid.

"If upon such hearing the mayor shall be satisfied that the person, persons or corporation so applying are persons of good moral character, and that he or they, have not been

convicted of a violation of any of the laws aforesaid, it shall thereupon be the duty of the mayor to direct the city clerk to issue to such person, persons or corporation a license, permitting such person, persons or corporation to maintain and operate a public pool or billiard hall, or public pool or billiard table as aforesaid, within the corporate limits of the city of Drumright for a period of one year from the 'date thereof, which license shall be signed by the mayor and attested by the city clerk with the corporate seal of the city thereto affixed.

"Section 4. The person, persons or corporation so granted a license as aforesaid, shall pay an annual license fee of $20.00 per table, which sum shall be deposited with the application with the city clerk, as aforesaid, and if upon a hearing of said application, the same should be denied, then, it shall be the duty of the city clerk immediately to refund to the person, persons or corporation so making such application, the deposit aforesaid."

Section 6 provides a penalty by fine and abatement of said pool or billiard hall as a public nuisance.

The plaintiff obtained his license from the county judge and applied to the mayor for a city license; deposited the sum of $140 with the city clerk, and made proof of his good character, but the mayor refused to issue him license, without assigning any reason for such refusal.

The wording of section 1, ch. 225, Session Laws 1913, is almost identical with section 388, Wilson's Statutes of 1903, in so far as the subject under consideration is concerned, and chapter 21, Session Laws 1915, supra, is in its provisions similar to section 3395, Wilson's Statutes of 1903, and in construing sections 388 and 3395, Wilson's Statutes, supra, the Supreme Court of the territory, in Territory of Oklahoma ex rel. City of Oklahoma v. J. M. Robertson and Howard Hays, 19 Okla. 149, 92 Pac. 144, held:

"Where a dealer in intoxicating liquors has obtained a county license authorizing him to sell such liquors within a city of the first class, such city has no power to refuse a city license to such person upon presentation of his county license, filing his bond with the county clerk, and paying to the city treasurer the amount required by the city ordinance for such license.

"The qualifications of one who has obtained a county license has been determined, and the mayor and city council of a city of the first class have no power to by ordinance prescribe additional qualifications."

The plaintiff having satisfied the county judge that he was a person of good moral character, and having otherwise complied with chapter 21, Session Laws 1915, and the county judge having issued the license provided for therein and the plaintiff having deposited the license fee required by ordinance of the city, the mayor and councilmen had no power to by ordinance prescribe additional qualifications.

Where the city by general ordinance, provided for licensing pool and billiard halls and pool and billiard tables, the city authorities have no right to make an arbitrary discrimination in granting license; they cannot grant the same to favored ones and refuse another, who has in all respects complied with the statutes of the state and ordinance of the city, and one who has brought himself strictly within the requirements regulating the licensing power, may compel by mandamus the corporate authorities to grant him a license when it is refused through mere caprice. Zanone v. Mound City, 103 Ill. 552.

The plaintiff having brought himself within the requirements of the licensing power, it follows that the judgment of the trial court granting the writ of mandamus is correct, and it is therefore affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.