People of the State of Illinois, ex rel. American National Bank and Trust Company of Chicago, et al., Appellees, v. City of Park Ridge, a Municipal Corporation, et al., Appellants.

Gen. No. 47,882.

First District, Second Division.

April 13, 1960.

Rehearing denied May 17, 1960.

Herbert R. Stoffels, of Chicago, for appellants.

Francis M. Corby, of Chicago, for appellee.

JUSTICE BURMAN delivered the opinion of the court.

A writ of mandamus is sought to compel the City of Park Ridge and its Mayor to approve a plat resubdividing a lot located within the City. The court overruled the Master's findings and recommendations and entered an order granting the writ of mandamus from which ruling this appeal is taken.

George McGurn purchased the property involved on May 15, 1956, and caused the title to be taken in the name of American National Bank and Trust Company of Chicago, as trustee, with himself as beneficiary. The property consists of a two-story, frame residence facing Ashland Avenue with a frame garage in the rear. It is situated on a corner lot fronting approximately 100 feet on Ashland Avenue and 165 feet on Elm Street. At the rear of the lot is a public alley. Ashland Avenue contains two paved areas twelve feet in width divided by a public park approximately seventy feet wide. The park contains large trees and is maintained by the Park Ridge Park District.

On May 6, 1958, and on other occasions McGurn requested that the City Planning Commission recommend a resubdivision of his lot into two fifty foot lots facing Ashland Avenue. The Commission rejected this plan and recommended that the lot be resubdivided into one lot 100 feet by 100 feet fronting on Ashland Avenue and another lot in the rear with a frontage of 65 feet on Elm Street and a depth of 100 feet. The city Council rejected both the plan recommended by the Commission and the one that McGurn presented to it.

McGurn then filed a petition in the Circuit Court for a writ of mandamus to compel the defendants to grant his request for a resubdivision and the matter was referred to a Master in Chancery by agreement of the parties. The only witnesses who testified before the Master were McGurn and Kenneth Cunningham, the Building Commissioner of the City of Park Ridge.

Plaintiff's theory is that the plat for resubdivision, as submitted and approved by the Commission and recommended by them to the City Council for approval, conforms to all the provisions of the Zoning Ordinance and that the City has no discretion and must approve the proposal. The Master found that either proposal for subdividing the property would result in a violation of the Ordinances of the City of Park Ridge and recommended that the petition for mandamus be denied. The court overruled the Master and found that plaintiff had a clear legal right within the meaning of the City of Park Ridge Zoning Ordinance to have his request for resubdivision granted. A writ of mandamus was issued directing the defendants to grant the resubdivision in accordance to the plan as recommended by the Commission.

The applicable city ordinances, Chapter 93, New Subdivisions, and Chapter 252 of the Zoning Ordinance, provide for submission of proposed resubdivision plans to the Plan Commission, showing building lines, ease-

ments and all necessary dimensions. The ordinances also require approval of the Plan Commission and the City Council before the "final plat" is recorded. All proposals must comply with the "Master Plan" as well as provide off-street parking space. A minimum area of 6500 square feet and a minimum frontage of 50 feet is required for all lots. The ordinances require that each lot contain at the rear a utility easement with a 10 foot right of way. The city zoning code requires that "there shall be a rear yard having a depth of not less than fifteen percent of the depth of the lot. . . ."

■ We agree with plaintiff that the act of approval by the City Council is ministerial when the statutes and ordinances have been complied with in making a plat of resubdivision and may be enforced by mandamus. People ex rel. Tilden v. Massieon, 279 Ill. 312; Hoerrmann v. Wabash Ry. Co., 309 Ill. 524.

While the record shows that each lot would meet the requirement of 6500 square feet, which is the minimum required, under the plan of the resubdivision with which we are concerned, the existing building will be in violation of the rear yard requirement of the Zoning Code which requires a minimum of 15% of the lot for a rear yard. In addition, the existing building would no longer have access to the public alley where all garbage is collected necessitating a change in the collection method. Public utilities, including power and telephone lines serving the premises, are located in the alley. The only means of access would be across private property. The ordinance requires that each lot contain at the rear a utility easement with a ten foot right of way. It further provides that the utility easement appear on the face of each plat of subdivision. No utility easement as required, appears on the face of this plat.

■ In our opinion the City Council did not act unreasonably in refusing plaintiff's request. Before a

427

writ of mandamus will issue the petition must show a compliance with all the valid requirements of the ordinances. People ex rel. Younger v. City of Chicago, 280 Ill. 576. It is settled beyond controversy in this state that the writ of mandamus cannot be granted unless there is a clear legal right to the performance demanded, and in the absence of complete conformity, a court is without authority to issue a writ of mandamus. Walter Rogers, Inc. v. Mortimer, 19 Ill.App.2d 381.

■ It is the primary province of the City Council to draw the line of demarcation in defining and classifying the uses of property, and where there is room for a fair difference of opinion the courts will not interfere with the legislative judgment. First National Bank of Lake Forest v. County of Lake, 7 Ill.2d 213; Dunlap v. City of Woodstock, 405 Ill. 410.

Plaintiff does not challenge the concept of the zoning ordinances nor the constitutionality of the ordinances. He does not here seek a variance from the requirements of the ordinances nor has he applied to the Zoning Board of Appeals for a variance. Considering plaintiff's noncompliance, we think the court abused its discretion in overruling the Master's Report and granting the writ.

For the reasons stated the judgment is reversed and the cause remanded with directions to quash the writ of mandamus and enter judgment for defendants.

Reversed and remanded with directions.

MURPHY, P. J. and KILEY, J., concur.