Harry KELLY and Mabel Scott,
Appellants,

v.

The CITY OF BETHANY, a municipal
corporation, Eldon D. Lyon, Harrison
Cross, Milton Seagraves, Charles Dye,
Shelton James, O'Dell Brown, James
Falkner, John Westmoreland, and Ray
Melrose, Appellees.

No. 51448.

Supreme Court of Oklahoma.

Dec. 26, 1978.

Wilbert G. Smith, Smith, Smith & Vaughan, Oklahoma City, for appellants.

David A. Davis, Oklahoma City, for appellees.

DOOLIN, Justice:

This appeal arises out of an attempt by appellants to secure approval of a plat in a residential area in the City of Bethany (Bethany). The Planning Commission of Bethany (Commission) approved the plat conditioned on the solution of a possible drainage problem. Thereafter, pursuant to Bethany ordinances, the plat was submitted to the Bethany City Council (Council) for its approval. Council minutes reflect the vote was three to three on motion to accept the plat; thus it failed for lack of a majority. No reasons were stated as to why the plat was not approved.

Appellants petitioned the district court for a writ of mandamus to require Council to adhere to Bethany ordinances and approve the plat for recordation. Appellants claim plat complied with all applicable ordinances and was approved by Commission. Therefore they argued, approval by Council was a mere ministerial act necessary only for recordation.[1]

After hearing, the trial court issued a peremptory writ of mandamus making the following findings and order:

" \* \* \* \* That said plat met all of the ordinances of the City of Bethany with regard to platting.

That the Council of the City of Bethany failed, refused and neglected to comply with its own ordinances, and failed, refused and neglected to give to the subdivider in writing its reason for disapproval, referring specifically to the parts of the plan or the specific regulations with which the plat did not conform.

The City Council approved at least two other plats in the area, and the denial of the plat of the plaintiffs was arbitrary and not granting equal protection to all of its citizens.

That the City Council has a drainage problem, but the drainage problem is not the problem of the real estate developers, and the City of Bethany had no right to deny or withhold approval of a plat be-

---

1. Appellants further asked for damages incurred in pursuing the cause of action. Trial court continued this portion of the action for further hearing.

cause of said drainage problem, except that the City could temporarily suspend the approval of plats in areas of drainage problems if they suspended the approval of all plats.

That the City of Bethany did not suspend the approval of plats.

That protests of the neighbors is not grounds or justification for the Council of the City of Bethany to deny the right of a person to plat his property if he otherwise meets the law.

*That the Court is of the opinion that the Courts of Oklahoma have held that any action of the City Council is of a legislative nature, and therefore, not subject to mandamus, and that the Court cannot mandamus the Council of the City of Bethany even though the Court finds that their actions were arbitrary and capricious.* (Emphasis supplied).

The Court finds, however, that it has the power to mandamus the Mayor of the City of Bethany.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that a Peremptory Writ of Mandamus issue against Eldon D. Lyon, Mayor of the City of Bethany, commanding him to, within 15 days from the date hereof, to deliver to the Plaintiffs herein the reasons of the Council for the refusal to approve the plat as aforesaid, and said reasons shall refer specifically to those parts of the plat, or specific regulations with which the plat does not conform, all without prejudice to the rights of Plaintiffs to pursue any and all other legal and equitable remedies available to them. * * * * ' "

Appellants appeal that portion of the order finding district court did not have the authority to mandamus the Council. They ask us to reverse and order trial court to issue the writ against Council.

■ A city has no inherent power to control the use of land within its limits except as provided by statute.[2] Authorization for Council to appoint a planning commission and approve plats is found in 11 O.S. 1971 § 421–425.[3] Section 423 provides:

" * * * * All plans, plats, or replats of land laid out in lots or plats, and the streets, alleys or other portions of the same, intended to be dedicated to public or private use, within the corporate limits of any city or town, shall first be submitted to the City Planning Commission for its approval or rejection, and before such plans, plats or replats shall be entitled to record in the office of the county clerk they must be approved by the legislative body of said city or town.

It shall be unlawful to receive or record any such plan, plat or replat in any public office unless the same shall bear thereon, by indorsement, or otherwise, the approval of the legislative body of said city of town. The disapproval of any such plan, plat or replat by the legislative body of said city or town shall be deemed a refusal of the proposed dedication shown thereon." (Underlining supplied).

Applicable Bethany ordinances[4] set out requirements and standards all plats must meet before Commission will approve them. There is no argument Council does not have discretion to enact these ordinances or that such ordinances are unreasonable.[5]

The trial court, reflected by its order, found appellants were in compliance with the ordinances and Council's refusal was not based on any unmet standard or requirement. It found action by Council was arbitrary and capricious. The issue before us is thus limited to whether Council's actions are subject to mandamus *under these circumstances.*

**2.** *See Shipp v. Southeastern Oklahoma Industries Authority,* 498 P.2d 1395 (Okl.1973).

**3.** See Oklahoma Municipal Code 11 O.S. 1978 Supp. § 1–101 et seq., which repealed and replaced (§ 1–106) these statutes effective July 1, 1978.

**4.** Bethany City Ordinances §§ 19–1, 19–2 (1975).

**5.** See *Pacific County v. Sherwood Pacific, Inc.,* 17 Wash.App. 790, 567 P.2d 642 (1977).

Section 19–2(B) 4 [6] of Bethany ordinances is similar to § 423. It states:

"Before recording the final plat, it shall be submitted to the City Council for approval and for acceptance of public ways and service and utility easements and land dedicated to the public use. This approval of the plat shall be shown over the signature of the mayor and attested to by the City Clerk. The disapproval of any plat or plan by the City Council shall be deemed a refusal of the proposed dedication shown thereon. The reasons for disapproval shall refer specifically to those parts of the Comprehensive Plan or Ordinance or regulation with which the plat does not comply."

█ It has long been a breach of the 14th Amendment to empower a city at its absolute and unrestrained discretion to give or withhold permission to a property owner to use his property in any lawful manner, in compliance with zoning ordinances and other reasonable legislative requirements.[7] Decisions are legion holding there is no discretionary act contemplated by statutes requiring approval of a plat as a condition to its recordation *when such plat meets all rules and standards and thus conforms to a*

city's ordinances.[8] If approval is necessary only for recordation then approval is ministerial and developers who have satisfied all legal requirements are granted mandamus to compel the municipal authority to approve the plat.[9]

█ In Oklahoma, a writ of mandamus may be issued to correct an abuse of discretion by a city official where the action taken or refusal to act is arbitrary.[10] Although Oklahoma has never answered the exact question here presented, decisions of two other jurisdictions are noteworthy for discussion.

*Commissioners' Court v. Frank Jester Development Co.*, 199 S.W.2d 1004 (Tex.Civ. App.1947) concerned a land company who presented an application for approval to record a plat. Approval was denied because of the location of a certain street. The appellate court held it was dealing with a registration statute only.[11] There remained no discretionary act for the Commissioners' Court, consequently it had only a ministerial or administrative duty to approve filing of the plat. The court held it could be compelled to do so by mandamus.

The same view was taken by the court in *Tuxedo Homes, Inc. v. Green*, 258 Ala. 494,

---

**6.** This section pertains to *final* plats. Section 19–2(A)(4) governs preliminary plats. Council minutes designate plat as "Preliminary and Final Plat." We here consider it as a final plat and apply statutes and ordinances accordingly.

**7.** See *Yick Wo. v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

**8.** See *Baltimore Planning Commission v. Victor Development Co.*, 261 Md. 387, 275 A.2d 478 (1971); *Jeffrey v. Platting Board of Review of Town of South Kingston*, 103 R.I. 578, 239 A.2d 731, (1968); *National Capitol Corporation v. Inver Grove Heights*, 301 Minn. 335, 222 N.W.2d 550 (1974); *Kling v. City Council of City of Newport Beach*, 155 Cal.App.2d 309, 317 P.2d 708 (1951); *Commissioners' Court v. Frank Jester Development Co.*, 199 S.W.2d 1004 (Tex.Civ.App.1947); *Dosmann v. Area Plan Commission of St. Joseph County*, 160 Ind.App. 605, 312 N.E.2d 880 (1974).

**9.** *Leech v. Gaetz*, 31 Conn.Sup. 81, 322 A.2d 599 (1973); *People v. City of Park Ridge*, 25 Ill.App.2d 424, 166 N.E.2d 635 (1960); *El Dorado at Sante Fe, Inc. v. Board of City Commissioners*, 89 N.M. 313, 551 P.2d 1360 (1976);

*Kling v. City Council of City of Newport Beach*, supra, n. 7; *Owens v. Glenarm Land Co., Inc.*, 24 Ariz.App. 430, 539 P.2d 544 (1975); *Campau v. Board of Public Works of City of Detroit*, 86 Mich. 372, 49 N.W. 39 (1891).

**10.** *Glasgow v. Beaty*, 476 P.2d 75 (Okl.1970) held compliance with zoning ordinances could be the basis for seeking by mandamus, compulsion of issuance of occupancy permit; *Nicodemus v. State ex rel Parker*, 82 Okl. 152, 198 P. 847 (1921) held City could not discriminate between those desiring to conduct a pool hall, and if license is refused through caprice, City could be compelled by mandamus. Also see *Nixon v. Roberts*, 420 P.2d 898 (Okl.1966).

**11.** Tex.Ann.Civ.Stat. Art. 6626 (1931) provided in part:

&ast; &ast; &ast; &ast; "no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of said Court. &ast; &ast; &ast; &ast;"

63 So.2d 812 (1953). The Alabama statute provided the probate judge shall decline to receive *for record* any plat unless it is noted thereon the approval of the governing body or the city engineer of such city. The court quoted an Illinois decision! "No discretion is vested in the city council to refuse approval of a plat which conforms to the statute and does not fail to conform to the provisions of any ordinance[s]." [12] It too indicated if a city unreasonably refuses to approve a plat it may be compelled to do so by mandamus.

If § 423 and the Bethany ordinances were merely recordation legislation, then this analysis might set the problem at rest. However, the aforementioned decisions additionally held *approval under the applicable statutes and ordinances was not an acceptance of proffered dedication* and imposed no burden on the city. A city may not be "forced by mandamus or any other process to accept the dedication offered by a landowner of streets, alleys and other public places shown by the map or plat." [13]

On this point our legislative scheme differs from Alabama and Texas. Section 423 provides, before a plat shall be entitled to be recorded it must be approved by the legislative body of the city or town. This contemplates a mere ministerial obligation. But both § 423 and Bethany ordinance 19–2(B) 4 further state disapproval of any plat shall be "deemed a refusal of the proposed dedication shown thereon". Contrary to the Alabama ,and Texas decisions holding approval by City does not in any way impose an obligation on the city to improve or exercise dominion of streets shown on the plat, if Council approves a plat it accepts

the offer of dedication and *does* assume the responsibility of all property dedicated to public use shown thereon. This action is discretionary and not subject to mandamus.

In Oklahoma, to constitute a dedication, two things are necessary, an intention by the owner and an effective acceptance by or for the public.[14] A dedication must be accepted by the local government to protect it from having someone impose upon them the responsibility for maintenance and repair of streets.[15] The owner of property cannot, by making a plat, impose burdens of dedication upon a municipality. Under some state statutes formal action by the governing body of a municipality is not necessary to constitute acceptance of an offer to dedicate streets or other public property. This acceptance may be evidenced in several ways.[16] It could be implied from a municipality's improving, repairing or other act indicating dominion over the dedicated property. But the offer must be accepted unequivocally.[17] Under the legislative scheme here involved, acceptance of a dedication is accomplished by affirmative approval by Council. The certificate of approval stamped on the submitted plat reads: "Be it resolved by the Council of City of (Bethany) Oklahoma that the Dedications shown on attached plat * * are hereby accepted." The expediency or wisdom of this acceptance is a matter for municipal legislative determination with which courts are not authorized to interfere.[18]

Section 423 is more than a mere recording statute. It has a dual purpose. It imposes a duty on Commission to deter-

12. *Tuxedo Homes v. Green*, 258 Ala. 494, 63 So.2d 812, 815 (1953) quoting *People ex rel Tilden v. Massieon*, 279 Ill. 312, 116 N.E. 639, 641 (1917).

13. *Tuxedo Homes v. Green*, supra, n. 12, 63 So.2d p. 814; *Commissioners' Court v. Frank Jester Development Co.*, 199 S.W.2d 1004, 1007 (Tex.Civ.App.1947). Also see *Western Springs Park District v. Lawrence*, 343 Ill. 302, 175 N.E. 579 (1931).

14. *Board of County Commissioners' v. Brown*, 287 P.2d 917 (Okl.1955); *City of Ardmore v. Knight*, 270 P.2d 325 (Okl.1954).

15. *Carr v. Hawkins*, 556 P.2d 221 (Wyo.1976).

16. For example see *Kennedy v. Hawkins* 346 P.2d 342 (Okl.1959); *Whitaker v. Town of Tipton*, 426 P.2d 336 (Okl.1967).

17. *Watson v. City of Albuquerque*, 76 N.M. 566, 417 P.2d 54 (1966).

18. *Dorris v. Hawk*, 292 P.2d 417 (Okl.1956).

mine whether or not a submitted plat meets zoning and platting requirements. If Commission finds compliance, purpose of requiring approval by Council for recordation is ministerial. The second purpose of the statute is to provide a means for acceptance of dedication offered by a plat. This function is completely discretionary with the Council. Thus a dichotomy is created wherein approval of the plat by Council is ministerial in one respect and discretionary in another. Approval for recordation is subject to mandamus, but approval as acceptance of the dedication is not.

■ A solution to this paradoxical problem may be found in the provision of the Bethany ordinance requiring reasons to be given for disapproval of a plat. Council did not follow this directive and the trial court issued the peremptory writ against the mayor commanding him to deliver reasons for refusal to appellants. Once these reasons are made known, the trial court's task will be simplified. If reasons state Bethany does not wish to accept the dedications shown on the plat then the decision to deny approval is discretionary and not susceptible to mandamus. Further if it is shown Council's refusal is based on non-compliance with ordinances, this too is within Council's discretion.

If however, Bethany is willing to accept the dedication and all regulations and restrictions are met, then trial court has the authority to mandamus approval in order that the plat may be filed.

Accordingly we reverse that portion of the order finding Council is not subject to mandamus. The balance, not being challenged, is affirmed. The case is remanded, with directions to reconsider the writ upon receipt of the reasons for Council's refusal to approve the plat.

AFFIRMED IN PART: REVERSED IN PART AND REMANDED WITH DIRECTIONS.

All the Justices concur.