OPINION — AG — LANDS INTENDED TO BE DEDICATED FOR PUBLIC PURPOSE, E.G., PARKS, IN COMPLIANCE WITH APPLICABLE ZONING AND PLATTING REQUIREMENTS MUST BE CONVEYED TO AND HELD IN THE NAME OF THE MUNICIPALITY IN TRUST TO AND FOR THE USES AND PURPOSES EXPRESSED IN THE DEDICATON AND, BY REASON OF THE PROVISIONS OF 11 O.S. 1977 Supp., 41-109 [11-41-109], MAY NOT BE CONVEYED TO A HOMEOWNER'S ASSOCIATION OR OTHER THIRD PARTY. (CITIES AND TOWNS, PLATS, DEDICATION FOR PUBLIC USE) CITE: 11 O.S. 1977 Supp., 1-101 [11-1-101], 11 O.S. 1977 Supp., 41-101 [11-41-101], 11 O.S. 1977 Supp., 41-106 [11-41-106] 11 O.S. 1977 Supp., 41-109 [11-41-109], 11 O.S. 1977 Supp., 45-101 [11-45-101], 11 O.S. 1977 Supp., 45-104 [11-45-104], 11 O.S. 1977 Supp., 47-101 [11-47-101], 11 O.S. 1977 Supp., 47-114 [11-47-114] (OKLAHOMA MUNICIPAL CODE) (MANVILLE T. BUFORD) FILENAME: m0010664 Senator James F. Howell Attorney General of Oklahoma — Opinion December 10, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your request for an Opinion where, in effect, you ask: May lands dedicated as parks or other open spaces as a part of a municipal subdivision be conveyed to a private homeowners' association and be in compliance with existing statutes ? The authority of a municipality to impose requirements controlling land use arises solely from statute, a city having no inherent power to do so. Kelly v. City of Bethany, Okl., 588 P.2d 567, 569 (1978). The requirements for the making of a plat for subdivisions within a municipality are found generally in the Oklahoma Municipal Code, 11 O.S. 1-101 [11-1-101] (1971) et seq. ("Code"), commencing at 11 O.S. 41-101 [11-41-101] et seq. Some additional requirements can be located within the statutes relating to the powers of planning commissions. See 11 O.S. 45-101 [11-45-101] et seq. and 11 O.S. 47-101 [11-47-101] et seq. The Code permits a municipality, as a part of its overall planning, to regulate the development of subdivisions including requirements for "adequate and convenient open spaces" for recreation and other purposes. Sections 11 O.S. 45-104 [11-45-104], 11 O.S. 47-114 [11-47-114]. Municipalities may, by zoning regulations, govern land use in subdivisions. Sections 43-101 et seq. Moreover, cities may, of course, accept gifts of land for parks through the dedication process. Section 11 O.S. 41-106 [11-41-106]; Kelly v. City of Bethany, supra. Phrased differently, a city, by its zoning regulations, may require that lands be set aside for common use, may require a subdivision to include parks as a part of its planning and may accept the donation or dedication of property by a developer which may be offered. The provisions of 11 O.S. 41-109 [11-41-109] (1977) apply specifically to donations or dedications of lands for public use in municipal plats: * ** * "When the plat or map has been completed and certified, acknowledged, approved and recorded as required by Sections 41-104 through 41-108 of this title, every donation or grant to the public, or to any individual, any religious society, or to any corporation or body politic, marked or noted as such on the plat or map, shall be deemed in law and equity a sufficient conveyance to vest the fee simple of the tract or parcel of land as expressed in the plat or map. Such conveyance shall be considered for all intents and purposes a general warranty against the donor, his heirs or representatives, to the donee or grantee, for his use for the uses and purposes named in the plat or map, expressed and intended, and no other use and purpose whatever. The land intended to be used for the streets, alleys, ways, commons or other public uses in any municipality or addition thereto shall be held in the municipality's corporate name in trust to and for the use and set forth and expressed or intended." Emphasis added * * * * Accordingly, the statute does not authorize the dedication of parklands by conveying the property to a third party, e.g., a homeowners' association, but requires dedication to the municipality for the use and purposes set forth. It is, therefore, the official opinion of the Attorney General that lands intended to be dedicated for public purposes, e.g., parks, in compliance with applicable zoning and platting requirements must be conveyed to and held in the name of the municipality in trust to and for the uses and purposes expressed in the dedication and, by reason of the provisions of 11 O.S. 41-109 [11-41-109] (1977), may not be conveyed to a homeowners' association or other third party. (Manville T. Buford)