## CITY OF TULSA v. AARONSON.

No. 14083—Opinion Filed Oct. 7, 1924.

**1. Municipal Corporations — Addition to City—Dedication of Public Ways and Parks—Reversion to Dedicator—Statutes.**

Where an owner of outlying property plats it as an addition to a city and files his dedication of the streets and alleys, including a park, in the office of the county clerk as required by section 4473, Comp. Stat. 1921, such dedication conveys and warrants the entire title of the dedicator. Thereafter the only way in which title to any portion of the streets, alleys, or public grounds shown in such dedication may be revested in the dedicator is by proceedings in the district court under sections 4481-3, Comp Stat. 1921.

**2. Same—Vacation of Park for Nonuser.**

In such a proceeding, where it appears that two blocks shown on the plat and designated "Park" were wholly unsuited to residence purposes, and were intended by the dedicator to be improved by the city for public purposes, its acceptance by the city for the purposes specified carries with it the implied agreement to improve it and render it suitable for such purposes, and where the city thereafter determines because of the lack of funds not to proceed with such improvement and expressly disclaims its acceptance of the property for the purpose to which it was dedicated, this amounts to a nonuser and abandonment sufficient to support a proceeding for vacation of that portion of the platted addition after the lapse of a term of years under the provisions of section 4483, supra.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court. Tulsa County; Valjean Biddison, Judge.

Action by L. E. Z. Aaronson against the City of Tulsa, in which the petitioner sought to vacate block 17 and block 18 of the Sunset Park Addition to the City of Tulsa. From judgment in favor of the petitioner, respondent, City of Tulsa, brings error. Affirmed.

I. J. Underwood and Harry L. S. Halley, for plaintiff in error.

West, Sherman & Davidson, for defendant in error.

Opinion by PINKHAM, C. This is an appeal from a judgment rendered by the district court of Tulsa county in an action instituted by L. E. Z. Aaronson, defendant in error, against the city of Tulsa, plaintiff in error.

The parties will be referred to herein as they appeared in the trial court.

The plaintiff sought to vacate blocks 17 and 18 of Sunset Park addition to the city of Tulsa under the provisions of sections 4482 and 4483, Comp. Stat. 1921. To the petition of the plaintiff responses were filed by the city of Tulsa and several property owners in Sunset Park addition.

The cause came on for trial before the court on the 23rd day of February, 1922, and after the introduction of testimony the court rendered a judgment granting the application of the plaintiff vacating blocks 17 and 18 of Sunset Park addition from the city of Tulsa, effective as to the date of the application—December 10, 1921—saving to the defendant, city of Tulsa, the right to enter upon said territory for the purpose of removing or using a lateral sewer constructed there by and at the expense of the city of Tulsa.

The city of Tulsa filed its motion for a new trial, and the same was by the court overruled, and this appeal was duly lodged in this court. The individual property owners did not appeal.

It is contended by the defendant city that block 17 is a public park and cannot be taken out of the city limits by the petitioner. The argument is that the plaintiff is not entitled to the relief prayed for because block 17, comprising the larger portion of the tract proposed to be vacated, belonged to the city as a public park, and is not the property of the petitioner.

It must be conceded that if the plaintiff did not own the blocks vacated, but it was public property, the judgment of the court vacating the same should be reversed.

The question of whether the city is the owner of the property in controversy is the vital issue in the case.

The following are the facts necessary to be considered in determining the question of whether the court erred in vacating the said blocks 17 and 18.

Section 4483, Comp. Stat. 1921, under which the plaintiff is seeking to vacate blocks 17 and 18 out of Sunset Park addition, provides in part:

"If such application shall be for the vacation of the entire plat and no owner of any portion thereof shall appear and object to such vacation, the entire plat may be vacated, or if it shall appear that portions of such plat are not used or required for town or city purposes as platted the court may vacate such portion thereof as will not injur-

iously affects the rights of owners of ather portions of such plat. If the application shall be by the owne or owners of a portion of such platted tract for the vacation of such portion only, and it shall appear that the portion desired to be vacated has never been actually used for town or city purposes, or that the platted streets or alleys on or across such portion have never been used b ythe public, or that the public has for more than five years abandoned such by nonuser, or that the same has been inclosed and occupied adversely to the public for more than five years, then the court may vacate such portion of said plat."

It appears that the addition in question was surveyed, platted, and filed for record October 14, 1916.

Lots were sold from this plat and residences erected thereon, but no part of blocks 17 and 18 has been sold, occupied, or used by any one.

The record discloses that blocks 17 and 18 are low-lying portions constituting the extreme southeast corner of the addition; that block 17, which constitutes the larger part of the tract sought to be vacated is a "mere hole in the ground, block 18 being substantially the eastern bank of the hole."

It appears that this tract has not been improved in any way, and is not in its present condition suitable for building purposes, and it does not appear that these blocks have ever been used for city purposes.

The court found:

"That the vacation of the plat of Sunset Park so far as it includes blocks 17 and 18 will not injuriously affect the rights of the owners of the remaining portions of said plat and addition; that said blocks 17 and 18 are not occupied or improved, and that the streets laid out immediately adjacent to said blocks 17 and 18 have not been sold but are still owned by the petitioner."

These findings of the court appear to be amply sustained by the evidence.

It further appears that at the time of the dedication of said addition by the plaintiff he marked the word "Park" on block 17 of the plat.

The plaintiff testified that he did not know what he would do with block 17, which, without being filled up at a very great expense, was unfit for building purposes, and that he had in contemplation making it a park, either public or private, but it was never dedicated as a park. It was suggested to him by the city park board—the official body in charge of the parks of the city of Tulsa—that it might be constructed into a lake surrounded with shrubbery and thus made attractive, and that the city water

would be turned into it and the water thus kept fresh. With this purpose in view he made an agreement with the said park board to convey block 17 to the city on condition that the proposed improvement should be actually accomplished at the city's expense.

A deed to the city of block 17 was placed in escrow with the Planters & Merchants Bank. It appears that the city, through its park board, cleaned out the brush and made some excavation in block 17 so as to make it larger and deeper, and started to build a dam on the block in question so as to maintain a lake, but never finished it and abandoned all further work, giving as the reason therefor that there were no funds for that purpose.

It further appears that the deed put in escrow with the bank, together with the escrow agreement, was lost, and that in this situation the city, through its mayor, caused a quit-claim deed to the block in question to be executed on October 17, 1919, to the plaintiff.

It further appears that by that time Sunset Park had been improved outside of the tract in controversy. A number of houses had been built on it or were in contemplation.

It further appears that after the city had abandoned the project of improving block 17 the plaintiff conceived the idea of taking it, together with block 18, out of the addition as not in keeping with the remaining portion of it and putting it to some other use, such as joining it to property on the south, outside of the city limits, which the plaintiff contemplated platting at some future date.

In this the plaintiff was simply exercising his rights under the statute (section 4483, supra).

It is earnestly urged by the defendant city in its brief that block 17, having been marked on the official plat "Park", the plaintiff was estopped to assert the contrary, and cites authorities in support of its contention. And the further argument is made that the mayor and auditor of the city of Tulsa were without authority to execute a quit-claim deed back to the plaintiff for this block, and that said action was invalid, and in no way binding upon the city of Tulsa or the property of the owners, because the only way in which the city could relinquish or abandon control of its parks is by an ordinance passed by a majority vote of the commissioners of said city.

It must be conceded as before stated that if the city actually owned this property and

had dedicated it to public use as a park it could not have been so conveyed, but we think it clear from the evidence the city did not own the tract of land in controversy.

The deed to the property was never delivered to the city. The record discloses that the plaintiff's deed was placed in escrow to be delivered only upon the conditions referred to concerning the improvements to be made by the city on the tract of land in question. The purpose of an escrow agreement is to withhold conveyance of the title until performance of the escrow.

There is no contention that the city fulfilled or attempted to fulfill these conditions. It abandoned the project, and the deed which had been placed in escrow being lost—and which had never been delivered and was to take effect only upon the condition that block 17 should be improved as contemplated — the quit-claim deed simply evidenced the abandonment of the contract to purchase the tract, and to disclaim on the part of the city its ownership of it as public property against a possible future discovery of the lost deed in the hands of some person interested adversely to plaintiff.

The petition to vacate was filed December 10, 1921. The tract in question—blocks 17 and 18—has never been used by anyone, either the public or an individual, down to the time of the trial. The spaces platted for streets have never been used by the public and the evidence clearly shows they are not necessary for the reason that no houses or other buildings exist on these blocks.

In the instant case there was not, in our opinion, a dedication and acceptance within the rule of the authorities cited and relied upon by the defendant.

"To constitute a dedication of land to the public two things are necessary, to wit: an intention by the owner clearly indicated by his words or acts to dedicate the land to public use; and an acceptance by the public of the dedication." Niles et al. v. City of Los Angeles et al. (Cal.) 58 Pac. 190.

"Irrespective of how the dedication is claimed to be made, in order to constitute a valid dedication, there must be an intention on the part of the owner to devote his property to the public use and the intention must be clearly and unequivocally manifested, whether the dedication is claimed by acts in pais or by solemn conveyances of record." 18 C. J. 52.

The plaintiff's acts and conduct in relation to block 17 clearly show his absolute ownership of the property involved, and his intent to give it to the public as a park only upon the performance by the defendant city of

certain conditions which were never performed, and the city, we think, is estopped in view of the admitted facts, to assert that the land in question is city property.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.