BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, State of Oklahoma, Plaintiff in Error.

v.

Finous BROWN and M. M. Carter, Defendants in Error.

No. 36774.

Supreme Court of Oklahoma.

Sept. 20, 1955.

Roger H. Swan, Asst. County Atty., Tom Hamill, Asst. County Atty., Oklahoma City, for plaintiff in error.

Priest, Belisle & Fauss, Oklahoma City, for defendant in error Finous Brown.

Lybrand, Morgan & Shumate, Oklahoma City, for defendant in error M. M. Carter.

WELCH, Justice.

The Board of County Commissioners of Oklahoma County brought suit to quiet title, and for ejectment, against Finous Brown and M. M. Carter.

The subject of the suit is a certain strip of land. The facts in the case, as reflected by the pleadings, are as follows:

In 1909 Eliza Tedrick, by deed, conveyed to a certain railway company a tract of land described by metes and bounds. The habendum clause of that deed provides:

"It is understood that a strip 37½ feet wide along the south side of the lands hereby conveyed shall be used and dedicated to the public for a highway and that the remainder of the lands hereby conveyed shall be used for a private right of way of the grantee."

In 1933 the said Eliza Tedrick executed a quitclaim deed to the defendant Brown conveying to him a strip of land 37½ feet wide (described by metes and bounds) off of the south side of the land described in the prior deed from Tedrick to the railway company. That is the strip of land here involved. Brown claims to own it and defendant Carter claims an interest in it as lessee of Brown.

In 1933 the defendant Brown obtained judgment quieting title to said property as against the said railway company and began placing improvements on the subject property. In January, 1934, the plaintiff Board of County Commissioners by quitclaim deed to Brown conveyed this same strip of land by metes and bounds description. In 1934 the property was assessed for taxes as the property of the said Brown, and thereafter and in the succeeding years the taxes were so assessed and have been paid by Brown.

It is to be noted that neither the plaintiff, nor Oklahoma County is mentioned in the deed from Tedrick to the railway company. No member of the public has ever used any part of these premises in any manner as a travel way or for road purposes, nor has the plaintiff made or attempted any such use prior to this action. No easement right has been asserted until it was done by plaintiff in the pleadings in this case in 1954.

On motion for judgment on the pleadings, judgment was entered for the defendants.

In appeal the plaintiff contends the deed from Eliza Tedrick to the certain railway company created an easement or trust as to the 37½ feet strip of land last referred to, in favor of the public, which the plaintiff may enforce, and which entitles the plaintiff to judgment in the case; that under the facts in pleading there was a complete and irrevocable dedication of an easement to the public over the land here

involved, for highway purposes, under the deed from the owner of the lands in 1909, and that defendants by subsequent trans- actions, other than with a public authority, could not have acquired a right or in- terest in the lands contrary to said ease- ment.

Apparently the trial court was of the opinion that the act of the owner of the lands in 1909 was no more than an offer to dedicate an easement to the public which required an acceptance in some form or other by or for the public, as essential to a complete dedication. The court found and held that as disclosed by the pleadings no act of acceptance of the proffered dedication had occurred, and that the offer to the public was withdrawn or revoked before any act of acceptance.

In the case of Oklahoma City v. State ex rel. Williamson, 185 Okl. 219, 90 P.2d. 1064, 1066, this court said:

"It is generally recognized that ac- ceptance in some form is essential to complete a conveyance by dedication. * * *"

The rule as stated in Niles v. City of Los Angeles, 125 Cal. 572, 58 P. 190, 192, and adopted with approval by this court in City of Tulsa v. Aaronson, 103 Okl. 159, 229 P. 596, is as follows:

"To constitute a dedication of land to the public, two things are neces- sary, to wit: An intention by the owner, clearly indicated by his words or acts, to dedicate the land to public use; and an acceptance by the public of the dedication."

In 16 Am.Jur., Dedication, p. 356, § 13, it is stated:

"The rule that acceptance is essen- tial to a complete dedication is as ap- plicable where the dedicator is a mu- nicipality as where he is a private in- dividual. Unless there is an accept- ance on the part of the public, the dedication is not complete and the dedicator may revoke his offer."

It is further stated, § 31:

"Acceptance in some form or other is essential to a complete dedication, especially as carrying with it the duty

to maintain and repair and the lia- bility for neglect thereof, or to work an exemption from taxation of prop- erty dedicated for public purposes. This is true of a dedication for high- way purposes. * * *"

Here the plaintiff in claim of an ease- ment for highway purposes in the lands involved relies solely on the fact of the aforesaid conveyance of lands by the owner in 1909, with provision in the in- strument of conveyance that:

"It is understood that a strip 37½ feet wide along the south side of the lands *. * * shall be used and dedicated to the public for a high- way. * * *"

It is argued that this quoted language constituted a dedication of the strip of land here involved to the public, complete upon such act of the owner of the land; that acceptance of the dedication by the public must be presumed as of the date of the declaration of the dedication by the owner of the land, for the reason that such a dedication was wholly beneficial to the public and free from any burden to the public, presently or in the future; that as the public so acquired an easement in 1909, the subsequent transactions of the owners of the land are of no proper con- sideration in this action.

In County of Wayne v. Miller, 31 Mich. 447, the court said:

"It is true acceptance of a grant may be presumed when it is beneficial, * * *; but there can be no conclusive presumption that a grant of land for a public way is so. We may almost take judicial notice that an offer of land for such a purpose is often—and very properly—declined, for the rea- son that no such way as the one pro- posed is needed, and by the accept- ance the public would be burdened with the obligations without corre- sponding benefits."

In discussion of the subject in Mc- Quillin on Municipal Corporations, Vol. 4, 2d Ed., § 1703, it is stated:

"A further exception is apparently declared by some authorities by hold-

ing that where the dedication confers a benefit on the public without imposing any burden, as when land is donated for a public park or square, or school site, an acceptance will be presumed, and the dedication became complete as soon as the owner has manifested his intent by appropriate acts of declarations. On the other hand, it is held that there is no conclusive presumption that a grant of land or a public way is beneficial so as to raise the presumption of an acceptance, since the grant may be a burden rather than a benefit."

If we assume that the language in the Tedrick deed to the railway company was sufficient to dedicate or offer to dedicate this particular strip of land for highway use (which we do not decide), there is presented no more probability of a benefit than a burden, upon an acceptance by the public of said strip of land for a highway, and we find no presumption of an acceptance.

In the circumstances of a lapse of years after the act of the owner in the so-called dedication of a use of the land here involved to the public, when there was no act of acceptance in some form or another by the public or a public authority, and when the owners of the land here involved subsequently surrendered all their interest therein to the defendant without reservation, and the defendant had entered into possession and had assessed and paid the taxes on the land, we find there was a complete withdrawal or revocation of whatever dedication there was, or offer of dedication, of the land to the public, before any attempt at acceptance.

The judgment for the defendants is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.