The CITY OF GUYMON, TEXAS COUNTY, Oklahoma, a Municipal Corporation, Appellee,

and

William Berry and Jean Matthews, Co-Partners, d/b/a Berry Addition, Appellee,

v.

E. L. BUFORD and Bailey Dietrich, Individually and as the Successors of Rimrock Development Corporation, a dissolved Corporation, Appellants.

No. 49951.

Court of Appeals of Oklahoma, Division No. 1.

July 5, 1978.

Rehearing Denied Sept. 12, 1978.

Released for Publication by Order of Court of Appeals Oct. 5, 1978.

Wright, Dale & Jett by Bryan L. Wright, Guymon, for appellees.

Ogden, Ogden & Board by Frank Ogden, Guymon, for appellants.

BOX, Presiding Judge:

An appeal by E. L. Buford and Bailey Dietrich, individually and as successors of Rimrock Development Corporation, a dissolved corporation, from a summary judgment in favor of William Berry and Jean Matthews, d/b/a Berry Addition, on Berry and Matthews' cross-petition finding that "Rimrock Drive" was and is a public way and not private property belonging to E. L. Buford and Bailey Dietrich; further, that said title to said street was held in trust by the City of Guymon, for the public, and further enjoining defendants from interfering with the rights of the public and defendant-cross-petitioners William Berry and Jean Matthews.

The City of Guymon filed an action against defendants Berry and Matthews, and Buford and Dietrich, seeking a declaratory judgment to determine the rights of the public in and to Rimrock Drive, a portion of Rimrock Estates, and a determination by the court as to whether that portion of a platted area designated Rimrock Drive is a private roadway or a public easement and roadway. From a finding that Rimrock Drive was a public easement and roadway, Buford and Dietrich appeal.

The record reveals the following: In October of 1960, Rimrock platted Rimrock Estates, which was located approximately 600 feet west of the west boundary of the City of Guymon. Rimrock Estates Addition is shown platted to and connected on the extreme south to two platted streets, one at the south end of Rimrock Estates (12th Street) and one approximately one block north (Maple street). No other ingress or egress is platted in Rimrock Estates. Both these streets were in a platted Poindexter Addition to Guymon, but not within the city limits. Poindexter Addition was a rural territory, as was Rimrock Estates Addition. Poindexter Addition was vacated as rural territory October 3, 1960. Rimrock Drive is identifiable by the way it is platted along the east side of Rimrock Estates and running north to a cul-de-sac.

At the time defendants and cross-petitioners Berry and Matthews acquired the vacated Poindexter Addition, it was unplatted; there had been a sign erected at the entrance of Rimrock Drive, before entering the cul-de-sac portion, some 13 years before, which read:

"Rimrock Drive is owned and maintained by Rimrock Development Company, a corporation. Travel upon the roadway is

permitted. All risks are assumed by travelers."
which sign continued until and through the trial. The plat of Rimrock Estates was of record.

Sometime after 1962, both Poindexter Addition and Rimrock were taken into the City limits by ordinance. At that time, the old Poindexter tract was unplatted and Rimrock Estates was platted with the presence of the sign notifying all of private ownership of the drive.

In 1975 Berry and Matthews platted Berry Addition so that eight lots fronted onto Rimrock Drive and one alley ran into Rimrock Drive. In that same year Berry and Matthews and Rimrock did some negotiating regarding the use of Rimrock Drive, to no avail. Then in May, 1975, the City of Guymon filed this suit.

The issues began with the City of Guymon having filed the case and the controversy being exercised between the defendants over whether or not Rimrock Drive was a public or a private way.

The evidence is composed of three pre-trial conferences and admissions made therein: September 3, 1975, September 24, 1975 and March 17, 1976; the exhibits showing the platted additions attached to Berry and Matthews' answer and cross-petition; a transcript of stipulations and offers of proof made on trial of said cause March 31, 1976.

The court granted judgment for Berry and Matthews on Findings of Fact and Conclusions of Law, and from this judgment appeal has been taken.

Appellants allege as error the following propositions:

## I.

In order to invoke jurisdiction of court under Declaratory Judgments Act there must be actual, existing justiciable controversy between parties having opposing interests which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute.

## II.

A trial judge should not commit himself on questions of fact or law which may come before him, until the matter is properly presented in open court.

## III.

To constitute a dedication, either express or implied, there must be an intention to dedicate on the owner's part. A dedication, being a voluntary donation, is not presumed, but the clearest intention to make a dedication must be shown by the party alleging it.

## IV.

Where the Findings of Fact and Conclusions of Law are not supported by the evidence, the trial court erred in rendering judgment based upon such erroneous Findings and Conclusions.

## V.

Where no words of grant are used in a recorded plat, and a platted way is manifestly and vocally declared, offered, accepted, yet limited in use; a user of such a way for purposes other than those declared, offered and accepted should be enjoined until condemnation proceedings are conducted; or where there is evidence offered of the value of such misuse and is uncontradicted, judgment should be entered in favor of the owner as against the taking body for the value of such private property for such uses in excess of those intended by the owners.

In that we agree with appellants' contentions that the Findings of Fact and Conclusions of Law are not supported by the evidence, we will not comment on the other allegations of appellants.

The case in point and which we hold controlling regarding the legal aspects of the case now under review is the case of *Henry v. Ionic Petroleum Company,* 391 P.2d 792, wherein the Supreme Court at p. 795 set out the following:

Again, in the case of *Board of County Commissioners of Oklahoma County v. Brown et al.,* Okl., 287 P.2d 917, the first paragraph of the syllabus by the court reads:

"To constitute a dedication of land, or an easement therein, to the public, two things are necessary: An intention by the owner clearly indicated in words or acts to dedicate the land to the public use; and an effective acceptance of the dedication by or for the public, by reliance being placed thereon, or by user, or otherwise."

Not only does the above rule set out the requirements for dedication but also covers the required acceptance about which we shall have more to say herein.

In the opinion this court said:

"The rule as stated in *Niles v. City of Los Angeles,* 125 Cal. 572, 58 P. 190, 192, and adopted with approval by this court in *City of Tulsa v. Aaronson,* 103 Okl. 159, 229 P. 596, is as follows:

" 'To constitute a dedication of land to the public, two things are necessary, to wit: An intention by the owner, clearly indicated by his words or acts, to dedicate the land to public use; and an acceptance by the public of the dedication.' "

The same rule is followed in *Kee v. Satterfield,* 46 Okl. 660, 149 P. 243.

Of course, it is essential in an implied dedication that there be an acceptance of the dedication by the proper authorities before same becomes effective. See *Oklahoma City v. State ex rel. Williamson,* 185 Okl. 219, 90 P.2d 1064.

It will be noted that the syllabus quoted supra from the case of *Board of County Commissioners of Oklahoma County v. Brown* concludes with this language:

" * * * and an effective acceptance of the dedication by or for the public, *by reliance being placed thereon, or by user, or otherwise.*" (Emphasis ours.)

The trial court made its Finding of Facts as follows:

That on or about the 18th day of October, 1960, the defendants, E. L. Buford and Bailey Dietrich, acting through Rimrock Development Corporation, now a dissolved corporation, filed for record in the office of the County Clerk of Texas County, Oklahoma, a Deed of Dedication and Plat of Rimrock Estates Addition to the City of Guymon, Oklahoma.

2.

That Rimrock Drive is a street platted within Rimrock Estates Addition to the City of Guymon, Oklahoma, and directly adjoins Berry Addition to the City of Guymon, Oklahoma, on the south and west. That the plat of Berry Addition was filed in the office of the County Clerk on March 28, 1975. The Court further finds that the plat of Berry Addition contains certain lots which face directly onto Rimrock Drive and Rimrock Drive is the only means of ingress and egress to and from said lots.

3.

The Court, after reviewing the evidence and making the findings as above set forth, concludes that Rimrock Drive as platted in the Rimrock Estates Addition to the City of Guymon, Oklahoma, is a public street and that the City of Guymon, Oklahoma, holds title to said designated street property in trust for the public for its general use and benefit.

The undisputed facts in the case now on review reveals the following:

1.  When Rimrock was platted, it was not in the City of Guymon.

2.  When Rimrock was platted, Poindexter Addition (now Berry-Matthews) was not in the City of Guymon.

3.  The plat of Rimrock does not use the words "grant", "donate", "convey", "dedicate" or the like in the plat.

4.  There is no dedication to the public of any portion of the Rimrock.

5.  Rimrock Drive was a cul-de-sac into Rimrock Addition only.

6.  The City of Guymon refused acceptance of the responsibility of the maintenance of Rimrock Drive.

7. That since the middle of the year 1962 a sign has been maintained at the entrance of Rimrock Drive. "Rimrock Drive is owned and maintained by Rimrock Development Company, a corporation. Travel upon the roadway is permitted. All risks are assumed by travelers."

8. The defendants, Rimrock, alone bore the expense and cost and contracted for the improving and paving of Rimrock Drive at a cost of approximately $25,000.00 in 1962.

9. The City of Guymon has never undertaken to nor maintained, repaired, cleaned, cleared for travel, or performed any maintenance, operations or work on Rimrock Drive.

10. No claim has ever been made by any person for use of Rimrock Drive for access purposes.

11. The City Council of Guymon on January 28, 1976 was requested by the defendants, Berry-Matthews, to condemn Rimrock Drive for public purposes.

Furthermore, there is no evidence that the plat of Rimrock was properly dedicated and the defendants, Berry-Matthews, conceded that the deed of dedication is irregular insofar as it does not contain specific granting in the deed of dedication. There is no evidence that Rimrock Drive was ever intended by the owners to be a public street. If it was ever offered as a public way, there was no evidence the City of Guymon ever accepted Rimrock Drive and the duties and responsibilities attendant thereto.

Accordingly the judgment of the trial court is reversed and remanded with instructions to enter a judgment in favor of appellants, Buford and Dietrich.

REVERSED AND REMANDED WITH INSTRUCTIONS.

ROMANG and REYNOLDS, JJ., concur.