# The People of the State of Illinois, ex rel. Napoleon B. Thistlewood, v. The Board of Trustees of the Village of Mounds.

1. PLAT OF SUBDIVISION—*extent of power of municipality as to approval or rejection.* A municipal corporation cannot by ordinance or by the action of its governing body practically nullify the effect of the statute which gives to the owner of land the right to subdivide the same; all that it is authorized to do is to see to it that the plat in question is in compliance with the statute and is in conformity with any reasonable regulations or requirements respecting the size of the blocks and lots, the direction and width of the streets and alleys, and other details of survey.

2. MANDAMUS—*when lies against village board.* *Mandamus* lies against a village board to compel it to approve a plat of a subdivision where the withholding of such approval is arbitrary and unlawful.

*Mandamus* proceeding. Appeal from the Circuit Court of Pulaski County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded. Opinion filed September 8, 1905.

GILBERT & GILBERT, for appellant.

WALL & CASTER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In this proceeding the relator, Napoleon B. Thistleewood, appellant, filed his petition in the Circuit Court, for a writ of *mandamus* to compel the Board of Trustees of the village of Mounds to approve a plat of an addition of said village, known as Delaware avenue. The defendant filed a general demurrer to the petition, which, upon hearing, was sustained by the court, and judgment rendered against the relator for costs, from which an appeal was taken to this court.

The only question presented is, whether or not under the facts set forth in the petition and the law applicable in such case the appellant is entitled to the relief prayed for. Appellee's demurrer admits the facts.

It is related that before and at the time of filing the

450    Appellate Courts of Illinois.

Vol. 122.] The People v. Board of Trustees of Village of Mounds.

petition, the village of Mounds was organized under the general law for the incorporation of cities and villages; that by article 10, section 5, chapter 24, Rev. Stat., it is provided that " The city council or board of trustees shall have power to provide by ordinance, that any map or subdivision of any block, sub-lot or any part thereof, or of any piece or parcel of land, shall be submitted to the city council or board of trustees, or some officer to be designated by such council or board of trustees, for their or his approval; and in such cases no such map, plat or subdivision shall be entitled to record in the proper county or have any validity until it shall have been so approved; " that pursuant to the statute the Board of Trustees of the village of Mounds provided by ordinance as follows :

" Sec. 2.    Every plat or map of any addition to or subdivision of any land, block, or lot or part thereof, within the limits of this village or to be annexed thereto, which shall be hereafter made, shall as near as practicable conform to and correspond with existing blocks, lots, streets, alleys and public ways, and every such plat and map shall, to entitle the same to be recorded in the office of the recorder of this county, be first submitted to and approved by a majority vote of the village board; such approval to be entered by yeas and nays upon the journal of the board's proceedings, and no such plat shall have any validity, or be of any force until it is so approved, and a certificate of such approval signed by the president and village clerk, with the corporate seal thereto attached shall have been endorsed thereon."

" Sec. 3.    Any person who shall fail, neglect or refuse to comply with the requirements of section two of this act, shall be deemed to be guilty of a misdemeanor and on conviction shall be fined not less than three nor more than one hundred dollars."

It further appears that relator was the owner of land within the corporate limits of said village; that he caused the same to be platted into lots, blocks, streets and alleys as an addition adjoining the platted part of said village; that in every particular the said plat conforms to and corresponds with existing blocks, lots, streets, alleys and public ways as required by said ordinance; that relator pre-

sented said plat to the village board for approval, but that the board without lawful reason or excuse, by a majority vote of the members present at a regular meeting, refused to approve the same.

In many localities the value of property in real estate is largely due to the right which the owner has to subdivide, plat and lay out into blocks, city streets and alleys and dispose of it as urban property. In recognition of this right and to facilitate and effect the purpose of the owner in subdividing and platting his land, the statute, chapter 109, provides that he shall cause the same to be surveyed and a plat made, duly certified, acknowledged and recorded. It is further provided that the acknowledgment and recording of the plat shall be held in law and equity to be a conveyance in fee simple of such portions of the premises platted as are marked or noted as donated or granted to the public corporation or body politic of which it is to be a part or addition, for the use and purpose named or intended, and that the premises intended for a street or other public use shall be held in the corporate name of the city, village or town to whom donated, in trust for the purposes set forth or intended. By section 5, article X, chapter 24, Rev. Statutes, power is given to the board of trustees of a village to provide by ordinance that the plat of any land within the corporate limits of such village shall be first submitted to the board of trustees or to some officer designated by said board, for approval; and until it has been so submitted and approved it shall not be entitled to record. Pursuant to this authority the village of Mounds passed the ordinance set out in the petition. Surely it was never intended by the legislature to clothe a village board or village officer with power to annul chapter 109 in its application to the platting of land within the corporate limits. If that were so intended we should look for a different order in the proceedings prescribed by the statute and expect the first requirement to be the authority, consent or approval of the village board. Within the language of the statute it is the plat and nothing more that is to be sub-

452    APPELLATE COURTS OF ILLINOIS.

VOL. 122.] The People v. Board of Trustees of Village of Mounds.

mitted for approval. The land belonged to the relator. His right to subdivide and plat it is a substantial right sanctioned and regulated by chapter 109, but it was given to the village board to see that the plat was made in compliance with the statute and in conformity with any reasonable regulations or requirement by ordinance respecting the size of the blocks and lots, the direction and width of the streets and alleys, or other detail of the survey. In our opinion this is the extent to which discretion was given the board. Evidently this was the interpretation of the statute by the village board at the time the ordinance was passed requiring that plats to be approved must, " as near as practicable conform to and correspond with existing blocks," etc., for that is the only requirement or condition added to the statutory plat. In support of the contention that the granting or withholding approval of the plat was wholly within the discretion of the board, being a matter related to the civic policy of the corporation and not to be questioned or controlled by *mandamus* proceedings, it is argued by counsel for appellee, that by approval of the plat the village thereby accepts the donation and assumes control of the streets with the attendant obligation to improve and maintain them as public thoroughfares. This position is clearly untenable. In construing section 3, chapter 109, which gives effect to the acknowledging and recording of a plat, the Supreme Court has held in a number of cases that the recording of the plat is no more than an offer to donate the streets and alleys, and that no obligation rests upon the corporation either to accept or improve the same. Hamilton et al. v. C., B. & Q. R. R. Co. et al., 124 Ill. 238. In Russell v. C. & M. Ry. Co., 205 Ill. 155, it is said : " It does not lie within the power of the individual who may elect to plat and sell his property with reference to such plat to impose upon the public authorities, merely by his own act, the burden of the care and responsibility of such dedicated streets and passageways as public highways until those authorities representing the public have seen fit, by some unequivocal declaration or

act to accept and assume such burden and liability." And in Hewes v. Village of Crete, 175 Ill. 348, this language is used by the court: "It is the settled doctrine in this State, that, notwithstanding the making, acknowledging and recording of a plat showing the streets thereon intended to be dedicated, as required by the statute, the fee of the streets does not vest in the municipality until the acceptance thereof."

No substantial reason is found in the petition or given in argument here to justify the action of the village board in withholding its approval of the plat in the manner and form as provided in the ordinance. While neither the statute nor the ordinance is mandatory in terms, yet the duty of the board under the circumstances of this case is clearly implied. This is within that class of cases in which courts may control discretionary power to sustain a right or prevent an injury. The opinion in Young v. Carey, 184 Ill. 613, is in point under the contentions made by appellee in this case respecting the discretionary power of the board of trustees and their control by *mandamus*. In the Young case a petition was filed for a writ of *mandamus* to compel the president and board of trustees of the village of Donnellson to disconnect certain territory from the village according to the provisions of the statute then in force, it appearing from the petition that in the proceedings to disconnect the territory in question all the requirements of the statute had been complied with. Under the law the petition to disconnect territory was to be presented to the trustees and "upon such presentation the * * * trustees of such village may, by ordinance to be passed * * * disconnect the described territory," etc. In that case, as in this, it was contended by the defendants, the president and trustees of the village, that their right to grant or refuse the prayer of the petition to disconnect territory involved the exercise of a sound discretion and was in no sense mandatory, and having in good faith, and in accordance with their best judgment refused to grant the prayer of the petition, their action in so doing was not subject to judicial control. In

passing upon this question the court used the following language, which we regard as applicable under the law and facts of the case at bar: " When facts exist of the character stated in section 1 of the act of 1879, and the same are set forth in a petition to the board, the board is not authorized to determine, by the exercise of its own judgment or discretion, whether it is good or bad policy to disconnect the territory. The legislature has not seen proper to clothe the board of trustees with such discretionary powers. The legislature has determined that the existence of the facts stated settles the question as to the advisability of the connection. The only function of the board is to see to it that the territory is located and the petition signed as the statute requires. So we hold in this case that the appellant having fully complied with the statute and the ordinance in surveying and platting his land, it was the legal duty of the Board of Trustees to approve the same. The petition was sufficient in law to entitle the relator to a writ of *mandamus*, and the trial court erred in sustaining the demurrer. The judgment is therefore reversed and the cause is remanded, with directions to the Circuit Court to overrule the demurrer.

*Reversed and remanded.*