The People of the State of Illinois on Relation of the First National Bank and Trust Company of Evanston, as Trustee, Under the Terms of a Certain Trust Agreement, Dated August 31, 1956, and Known as Trust No. R–483, Irving Shepard and Emma Shepard, Appellants, v. The Village of Deerfield, a Municipal Corporation, et al., Appellees.

Gen. No. 11,818.

Second District.

July 7, 1964.

Sidney Z. Karasik, of Chicago, and Snyder, Clarke, Dalziel, and Holmquist & Johnson, of Waukegan (Sidney Z. Karasik and Lewis D. Clarke, of counsel), for appellants.

■■■■■■■■■■■■■■

Thomas A. Matthews, Byron S. Matthews and Seymour C. Axelrood, of Chicago, for appellees.

ROETH, J.

Petitioners commenced an action for mandamus to compel defendants to approve a plat. The trial court denied the petition and this appeal followed. The principal question involved is whether the proposed plat conforms to the zoning ordinance of the Village of Deerfield.

The premises involved were originally a part of a tract of land approximately 903 feet in length extending north and south. The north boundary abuts on a street named Deerfield Road and the south boundary abuts on a street named Osterman Avenue. There is a drainage ditch along the entire west side of the tract. The distance from the northwest corner of this tract to the northeast corner (east and west along Deerfield Road) is 226 feet. The north 163 feet (north and south) of this tract was zoned for two family residences. To the south of this area was a 260-foot section zoned for multiple family residences and following on down south there was a 240-foot section designated as Lot 1 also zoned for multiple family residences. In the southwest part of the premises there is a piece of land designated as Lot 37. This lot is 59 feet east and west on Osterman Avenue and 98 feet east and west at its north boundary. Lot 37 is approximately 208 feet long north and south and its western border is the drainage ditch. The difference in width at the north and south boundary of Lot 37 is accounted for by the angling of the drainage ditch on the west side of Lot 37 from its northwest corner (where it joins Lot 1) in a southeasterly direction. Lot 37 is zoned for single family residences.

In 1956 plaintiffs improved that portion of the premises lying north of Lot 1 with two duplex apart-

ments and three townhouses all in accordance with the then zoning regulations. In addition to these buildings there is a system of parking areas, driveways and a courtyard. In 1961 plaintiffs proposed to continue the development as to Lot 1 and to provide access to Osterman Avenue by a perpetual easement of 30 feet along the west side of Lot 37. A plat was prepared consolidating Lots 1 and 37 into one lot with the perpetual easement shown. The defendant Village in accordance with the recommendation of the Plan Commission refused to approve this plat.

The theory of defendants is primarily two-fold:

(1) The plat violates a provision of the subdivision control ordinance in that the proposed lot does not have a frontage on any street;

(2) The use of a part of lot 37 for an access driveway would violate the zoning ordinance, since lot 37 is zoned for single family residences.

Section 9.43 of the subdivision control ordinance of the Village provides:

"All lots shall abut on a street."

It is true that the Lot 1 as originally platted did not comply with this provision. However, we are unable to agree with the contention of the Village that this is true of the proposed plat. If Lot 1 and Lot 37 are combined into one lot to be designated (new) Lot 1, it certainly would follow that new Lot 1 would abut on Osterman Avenue thereby meeting the requirement of the above quoted section.

We come now to the second contention of the Village. We have examined the claimed applicable provisions of the zoning ordinance as set out in the briefs and abstracts. Section XVI of the ordinance contains provisions for off-street parking facilities for single family residences. By this section it is contemplated

that a lot owner might wish to provide some type of driveway on a particular lot or lots for the parking of his automobile or automobiles. Reference is made to "access driveways" in this section, that is, driveways from a street or alley which would permit parking in this fashion. For all that appears in this section conceivably the access driveway and parking facility might extend the full length of the lot. Thus as we view the ordinance in question there is nothing contained therein that would have prevented the owner of Lot 37 as it existed prior to the drafting of the plat in question from establishing the easement proposed, for his benefit as owner of Lot 37. Nor do we find anything in the zoning ordinance which, as contended by counsel for the Village, "prohibits the use of a lot zoned for single family residence use, as access to a multiple family zone" if agreeable to the owner of the lot or lots in a multiple family residence zone. If it had been the intention to so provide it would have been comparatively simple to so provide in express language. And we are not concerned in this case with what use the balance of said lot could be put to by such owner. That would be a matter for future consideration if and when a use were proposed. How then can it be said that the owner of new Lot 1 as a combination of former Lots 1 and 37 may not do the same? This view is strengthened by several matters appearing of record:

> (a) When the townhouses were constructed to the north, access to Deerfield Road was approved over a zone of lesser degree than where the townhouses were located, thereby evidencing a construction by the Village authorities to the effect that such was not prohibited by the zoning ordinance.

> (b) Except for the easement, plaintiffs' land is for all practical purposes land-locked.

352

(c) The Village Attorney advised the Building Commissioner in writing that the proposed easement would not violate the zoning ordinance.

(d) The attempt by the Village to amend its zoning ordinance while the proposed plat was being considered to expressly prohibit the easement.

■ As to the last matter, it appears that while the proposed plat was under consideration by the Village authorities an amendment was adopted to the zoning ordinance expressly prohibiting the use of any land zoned for single family residences as an access to other land not zoned for the same purpose. The conclusion might well be drawn that the Village did not feel that the original zoning ordinances covered this point. However, the trial court held this amendatory ordinance invalid so far as plaintiffs were concerned and with this we agree. Cos Corp. v. City of Evanston, 27 Ill2d 570, 190 NE2d 364.

■ The act of approving a plat by Village authorities is a ministerial one where the ordinances have been complied with and may be enforced by mandamus. People ex rel. Tilden v. Massieon, 279 Ill 312, 116 NE 639; Hoerrmann v. Wabash Ry. Co., 309 Ill 524, 141 NE 289. A review of the record before us convinces us that plaintiffs' plat did comply with the necessary ordinances and that the writ of mandamus should have issued.

Accordingly the cause is reversed and remanded with instructions to issue the writ as prayed.

Reversed and remanded.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.