Charles W. Williams and Janita J. Williams, Plaintiffs-Appellees, v. City of Bloomington, McLean County, Illinois, a Municipal Corporation, Robert J. McGraw, et al., Defendants-Appellants, Robert S. Tomb, Trustee, Intervening Petitioner-Appellant, and Paul G. Anderson, Jr., Plaintiff-Appellant.

Robert S. Tomb, Trustee, and City of Bloomington, McLean County, Illinois, a Municipal Corporation, Intervening Plaintiffs-Appellants, v. George E. Holder, et al., Defendants-Appellees.

Gen. Nos. 10,947–10,957. (Consolidated.)

Fourth District.

April 30, 1969.

Rehearing denied May 23, 1969.

307

E. William Rolley, Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (William R. Brandt and William C. Wetzel, of counsel), and Dunn, Dunn, Brady, Goebel, Ulbrich & Hayes, of Bloomington (Frank M. Brady, of counsel), for appellants.

Thomson, Thomson & Mirza, of Bloomington (Chester Thomson, of counsel), and Campbell, Markowitz, Lawrence & Lenz, of Bloomington (Robert Markowitz, of counsel), for appellees.

SMITH, J.

Plaintiffs filed for an injunction to restrain the defendants from using a lot zoned for a single-family residence as a driveway or walkway for ingress and egress to their four-unit apartment dwelling located on commercially zoned property. The City of Bloomington intervened to enforce an ordinance which allegedly forbade such use. In this case, the issue distills itself into the basic single question—whether or not such use violates the zoning ordinances of the City of Bloomington. The trial court held that it didn't and all plaintiffs appeal.

Before final determination of the first suit, the defendants in that suit sought a plat of resubdivision of the property involved and presented it to the Planning Commission and to the City Council. Its approval was denied by both bodies. They then filed for a writ of mandamus against the city seeking an order directing such approval. The city and its officers appeal from a decision of the trial court granting the writ. In addition, the

Trustee-owner of adjoining property appeals from an order denying him leave to intervene in this action. The situation looks like this:

(The picture after denial of Williams' resubdivision.)

As can be seen, Lot 22 abuts on a cul-de-sac and it is across this lot, as we have said, that the access driveway leads back to defendants' apartment house.

As a bit of background (only), defendants after acquiring Lot 22 and part of Lot 21, had applied to the

Zoning Commission and the City Council for a rezoning of this section to permit the four-unit apartment building. The application was denied. Defendants then purchased the area to the north of Lots 22 and 23, zoned commercial, and commenced the construction of the apartment house. The construction contract was entered into on November 18, 1965, the footings poured on December 8, and plaintiffs instituted their suit on December 16. At that time this area was outside of the city limits but later annexed. In spite of the pendency of this action, defendants continued their construction and paved a driveway across Lot 22 and began using it as access to the apartment house. We note in passing the curb cut given them by the city.

Is this access use prohibited? We look to the applicable zoning ordinances.

Section 2.2, c 44, of the Bloomington City Code provides:

> "No building or premises shall be used, and no building shall be hereafter erected or altered for any purpose other than permitted in the Use District in which such building or premises is located, as follows:"

Section 2.201 of the same chapter provides:

> "In the R1A and R1B 'Single-family Districts' as defined in Sec 2.103 of this Article, no building or premises shall be used, and no building shall be hereafter erected or altered, unless otherwise provided in this article, except for one or more of the following uses:
>
> "(1) Single-family dwellings
> "(2) Public parks, public libraries, public elementary and high schools and public community building

"(3) Private schools with a curriculum similar to public elementary and high schools

"(4) Churches

"(5) Golf courses—but not miniature courses or driving tees

"(6) Accessory use as provided in Sec 7.201 of Article VII of this chapter."

Section 7.201 deals with such things as private garages, flower gardens, tennis courts, barbecue ovens, fireplaces, garages, etc.

 This use is clearly barred by these sections. To allow this use is to pierce the cul-de-sac and extend the street into another area. What was once a turn-around is now merely a bulge. The ordinances read, "no . . . premises shall be used . . . for any purpose other than permitted in the use district in which such . . . premises is located," and, "no premises shall be used . . . except for one or more of the following uses." Phraseology such as this does not lend itself to the construction that if a use is *not* prohibited, it is permitted. The contrary is true. If such and such a use is *not* set forth, it is prohibited. The express uses, of course, must be read to include reasonably implied ones. But neither expressly nor by implication is an access driveway across an entire lot to provide ingress and egress for vehicular or pedestrian traffic to another area within the purview of this ordinance. To us, it is clearly beyond the pale.

Do equitable considerations impinge? We cannot fault the plaintiffs for diligence. They were in court in time to put the defendants on notice. The defendants not only continued to build but had sold the north half of the apartment lot without retaining access. They took the chance that the plaintiffs might be right—as it now appears they are—and they are in no position to complain.

311

■ The issuance of the curb cut, we earlier noted, "in passing" is said to somehow estop the city from questioning the use made of the driveway. In R1 Districts, accessory uses are permitted and one of these uses is a private garage as set out in section 7.102, paraphrased above. We need not belabor the point that a garage is useless without a driveway and a driveway is unhandy, to say the least, if one has to jump the curb to get there—thus the curb cut. But such a cut implies nothing more than a driveway for a permitted auxiliary use—not a thoroughfare to next door and beyond. That defendants were misled to their damage by the granting of the curb cut is negatived by the wording of the permit itself—"Maximum width of curb is as follows: Residential, 12′ (Single garage)." It is piling Ossa on Pelion to infer from this something more than a 12′ driveway to a single garage on the premises.

Next we are told that the issue before us has already been decided in People v. Village of Deerfield, 50 Ill App2d 349, 200 NE2d 120, and that if stare decisis is still viable doctrine, any departure on our part from Deerfield would be unseemly at best. This doctrine as we recently said in Schenk v. Schenk, 100 Ill App2d 199, 241 NE2d 12, is a "stalwart pillar in the judicial process and a worthy and respected proponent of stability in the law." We can affirm again this prior panegyric of ours and at the same time disregard Deerfield. We can do this because Deerfield is simply not dispositive of the issue before us. On the contrary it is a very inapt guide, if a guide at all. Thus the application of the doctrine here is inappropriate. Markedly different ordinances are involved and such differences dispel meaningful comparison, much less succor from this "stalwart pillar." In Deerfield, we read: "Nor do we find anything in the zoning ordinance which, as contended by counsel for the Village, 'prohibits the use of a lot zoned for single-family residence use, as access to a multiple-fam-

312

ily zone' if agreeable to the owner. . . ." In the ordinance before us, the prohibition is as clear as words can make it. In Deerfield, just the opposite. Hence, the inappositeness of this case as authority. Stare decisis is thus a stranger in our present context.

Were we to deny the relief here sought, the ordinance involved is reduced to a dead letter. If zoning is to have any meaning at all, prohibited uses must be prohibited by courts when asked to do so—assuming, always, that. equitable considerations do not obtrude. Here, in simple and concise English, the ordinance says that certain uses are permitted and no others. To us, it would follow that if a use is not permitted—it is prohibited. Thus we reverse.

Zoning is one of the means we have devised of alleviating to the extent possible the pangs which inevitably follow when more and more people have less and less space in which to live—together. That zoning does not always succeed in minimizing this abrasiveness, that absurdities sometimes result, that rights of ownership are sometimes infringed is no reason for courts to refuse to enforce ordinances when asked. The purpose of this ordinance was to limit use to single-family residences with compatible accessory uses. Such purpose, certainly proper, would be defeated were we to permit the access driveway here sought to be enjoined. There is nothing wrong with extending one-way streets, as such, but they cannot be extended across lots where such extension is a nonpermitted use.

 We next take up the second aspect of this appeal, the mandamus action against the city and the collateral appeal involving the right of intervention. The plat of resubdivision involved, redivides Lots 21, 22 and 23. When the action was filed, Robert S. Tomb, Trustee, attempted to intervene. Tomb is the owner of Lots 24 and 25. As can be seen, Lot 24 adjoins 23 and fronts on the cul-de-sac. It is apparent that Tomb has a vital in-

terest in the attempt to resubdivide Lots 22 and 23. His interest is rather immediate, to say the least. He is right next door. Whatever his interests may be, he certainly has standing to intervene and to make them known. Rules and statutes providing for intervention are to be liberally construed.

 Thus, we have no choice but to remand this matter with directions to allow the intervening petition. Once allowed, presumably, Robert S. Tomb will pursue his rights. For all we know, such pursuit may raise factual issues and thus the short cut to judgment via a motion for summary judgment is out of place. Since remandment is necessary, we need not now take up at length the major contention of defendants that triable issues did exist. However, our perusal indicates just that. While the affidavits in opposition to the motion would seem to leave a lot unsaid, still, they frame triable issues. As we said in DiBattista v. Centennial Ins. Co., 52 Ill App2d 84, 201 NE2d 466, "Summary judgment and triable issues are incompatible." Also apropos:

> "So favored is the avenue of trial that affidavits in support of the motion are strictly construed, while those in opposition, it is said, receive a liberal construction. Midwest Grocery Co. v. Danno, 29 Ill App 2d 118, 172 NE2d 648. This is not so much to say that summary disposition is in disfavor, rather, we are chary of denying a litigant his day in court. Hence the benefit of the doubt goes to the party resisting the motion. After all, a mistaken denial denies neither his day, though it is doubtless an imposition on the movant. That as it may be, this imposition is of nothing compared with the consequences resulting from a mistaken allowance for then the case is over, with only an appeal available to show that there were triable issues. An appeal, as we know, is not always possible, and even if

we assume, as we must, that an appeal would in the course of nature set things aright, that avenue is laborious and expensive, which does not, of course, detract from our assumption."

Accordingly, in Cause No. 10,957, the order dismissing the complaint and denying injunctive relief is reversed and remanded with directions to enter a permanent injunction enjoining defendants from using Lot 22 as an access driveway to the area beyond and for such further relief consistent with the views herein expressed. Equity does demand, however, that defendants be given a reasonable time to seek other means of access.

With regard to Cause No. 10,947, the judgment is reversed and remanded with directions to allow the intervening petition of Robert S. Tomb, Trustee.

Both causes reversed and remanded with directions.

TRAPP, P. J. and CRAVEN, J., concur.