URBAN INVESTMENT AND DEVELOPMENT COMPANY, Plaintiff-Appellant, *v.* F. T. "MIKE" GRAHAM, Plat Officer of Lake County, Defendant-Appellee.

Second District   No. 76-168

---

Opinion filed June 13, 1977.

Sidley & Austin, of Chicago, and Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (William Sachen and Michael Sieman, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

This is an action for mandamus in which plaintiff seeks to compel defendant to approve its subdivision plat. The trial court dismissed the petition and plaintiff appeals contending that it was entitled to the writ as it had complied with all statutes and ordinances necessary to the approval of its plat.

Plaintiff, Urban Investment and Development Company, a corporation, is the owner and developer of Hawthorne Center Plat which is a portion of a regional shopping center and located entirely within the corporate limits of the Village of Vernon Hills in Lake County, Illinois. It submitted the proposed plat to the officials of the village and the plat was approved by the village officers in 1974.

The plat was also submitted for approval to defendant, plat officer of Lake County, and to the technical staff of the Planning, Zoning and Building Committee of the County Board of Lake County in 1973. Plaintiff was advised that the technical staff would recommend approval of the plat if the storm water discharge rate of the proposed subdivision would comply with certain levels prescribed by the staff (these suggested standards were established by the technical staff; the county board had

enacted no ordinances regulating storm water discharge levels of proposed subdivisions).

The plat was subsequently resubmitted to defendant and the technical staff and plaintiff advised them that the storm water standards required by the staff had been met.

The planning, zoning and building committee met in January 1975 and its chairman, who was the plat officer and is defendant herein, received the recommendation for approval of the plat from its technical staff. Defendant, however, refused to approve the plat stating he believed it did not adequately provide for storm water drainage on the land sought to be platted. The committee and, subsequently, the county board confirmed defendant's stance and this action followed.

The general requirements to be met by one who wishes to subdivide land and record a plat are found in section 1 of "An Act to revise the law in relation to plats" (Ill. Rev. Stat. 1973, ch. 109, par. 1), which provides, in part,

> " * * * whenever the owner of land subdivides it into 2 or more parts, any of which is less than 5 acres, he must have it surveyed and a plat thereof made by a Registered Land Surveyor, which plat must particularly describe and set forth all public streets, alleys, ways for public service facilities, parks, playgrounds, school grounds or other public grounds, and all the tracts, parcels, lots or blocks, and numbering all such lots, blocks or parcels by progressive numbers, giving their precise dimensions."

Defendant does not here contend that plaintiff failed to meet any of the necessary provisions of "An Act to revise the law in relation to plats."

It would appear plaintiff submitted its proposed plat for defendant's approval, although the land was not located in the unincorporated portion of Lake County, to meet any requirements which might be imposed by reason of section 25.09a of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1973, ch. 34, par. 415), which provides for approval, under the authority of the county board, of subdivision plats located within as well as outside the boundaries of municipalities. Insofar as is pertinent to this case, the statute provides that a county board may,

> " * * * establish by ordinance or resolution of record reasonable rules and regulations governing the location, width and course of streets and highways, and the provision of public grounds for schools, parks or playgrounds, in any map, plat or subdivision of any block, lot or sub-lot or any part thereof or any piece or parcel of land in the county, which rules and regulations may include such reasonable requirements with respect to water supply and sewage collection and treatment, and such reasonable requirements with respect to street drainage and surfacing, as may be established by

the county board as minimum requirements in the interest of the health, safety and convenience of the public of the county; and to require by ordinance or resolution of record that any map, plat or subdivision shall be submitted to the county board or some officer to be designated by the county board for its or his approval * * *. Provided, however, that the location, width and course of local streets and of facilities relative to the local distribution of water and other local municipal facilities shall be subject to the exclusive control of and approval by the municipality."

Section 25.09a (par. 415) does give the county board authority to require that proposed plats of subdivisions located anywhere within the county be submitted to its plat officer for approval and determination whether it conforms to such standards as the county board may have established in those limited areas of control within a municipality permitted by the statute.

Defendant contends that inasmuch as section 25.09a (par. 415) permits the county board to regulate street drainage of proposed plats located within a municipality that he, as its plat officer, is authorized to withhold approval of a plat when he is not satisfied with the provisions made for storm water drainage in the plat; on this basis defendant declined to approve plaintiff's plat.

We may not determine in this case to what extent section 25.09a (par. 415) gives jurisdiction to a county board over street or storm water drainage within a municipality as Lake County had not implemented the statute by the enactment of any ordinances or resolutions regulating such matters as is required by section 25.09a (par. 415). Any authority defendant might have to withhold approval of the plat for suspected drainage deficiencies was entirely dependent upon the county board having first adopted regulations effecting drainage to be met by a subdivider before being entitled to plat approval. There were none here.

■■■ The act of approving a plat by an officer designated by a county board for that purpose is ministerial when the statute and ordinances have been complied with and may be enforced by mandamus. (*People v. Village of Deerfield* (1964), 50 Ill. App. 2d 349, 353, 200 N.E.2d 120, 122; *Hoerrmann v. Wabash Ry. Co.* (1923), 309 Ill. 524, 535 141 N.E.2d 289, 293; *People ex rel. Thistlewood v. Board of Trustees* (1905), 122 Ill. App. 449, 453.) A plat officer has no discretion in such case to refuse to execute a plat. He has only those powers given to his office by the legislative body establishing the office, the county board in this case, and may not make any determinations of what standards must be met to allow approval of a plat. The plat officer can only look to those ordinances or resolutions adopted by the county board for his authority.

The fact that the Lake County Board had been considering the enactment of plat regulations concerned with street drainage and water retention during part of the period plaintiff was developing its plat (and did adopt certain regulations while the mandamus action was pending in the trial court) does not add any discretionary rights to the powers of the plat officer. He may not withhold approval of an otherwise correct plat because of the possibility that additional requirements might be added in the future. (*People v. Village of Deerfield* (1964), 50 Ill. App. 2d 349, 353, 200 N.E.2d 120, 122; *Cos Corp. v. City of Evanston* (1963), 27 Ill. 2d 570, 190 N.E.2d 364.) As stated in *People ex rel. Tilden v. Massieon* (1917), 279 Ill. 312, 315, 116 N.E.2d 639, 641:

> "The city council may by ordinance require every such plat to be submitted to the council itself for approval or it may authorize the approval by some designated officer of the city. To this extent the right of the owner to have the plat of the subdivision of his land recorded and to sell his land with reference to such plat is limited, but no farther. There is no absolute discretion in the city council as to the approval of a plat. It may by ordinance, no doubt, regulate the direction and width of the streets and alleys and the location of public grounds and require conformity with existing subdivisions, streets, and alleys, but such regulation must be by a general ordinance applying to all alike. The city council cannot, by failing to pass any ordinance, reserve to itself arbitrary discretion to approve plats or not to approve them. Where the city has not passed any ordinance on the subject, the only requirements to which the owner is obliged to conform are those of the statute. No discretion is vested in the city council to refuse approval of a plat which conforms to the statute and does not fail to conform to the provisions of any ordinance."

■■ Plaintiff conformed to each existing regulation and guideline available to it from 1970 to the completion of its development plat in 1973; it also followed the recommendations of the county's technical staff although not required by law to do so and was entitled to have its plat approved by defendant.

We note from the record in this case that the State's Attorney of Lake County, who is the legal advisor to the county board and its plat officer, tendered a legal opinion to defendant in similar terms to those we use here describing the powers, and the limitations on those powers, which may be exercised by a plat officer. That opinion, unfortunately, appears to have been rendered in its written form subsequent to the decision by the plat officer which caused this litigation. We assume that good advice has not been heeded by defendant as we have not been informed that he has yet approved the plat.

Procedurally, the issue we have discussed came before the trial court on plaintiff's motion for summary judgment filed by it after the pleadings of the mandamus action had been settled. That motion was supported by affidavits setting forth, in substance, that plaintiff had complied with all statutory and ordinance requirements necessary to the approval of its plat and that it was, therefore, entitled to the writ of mandamus. Defendant did not respond to the motion nor submit any counteraffidavits to rebut plaintiff's allegations of fact. The trial court took the matter under advisement, then entered its order dismissing the petition for mandamus.

A motion for summary judgment should be granted where there is no genuine issue of material fact and it is clear that the movant is entitled to judgment as a matter of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Hedrick v. Goodwin Brothers, Inc.* (1975), 26 Ill. App. 3d 327, 325 N.E.2d 73.) We find the trial court erred in dismissing plaintiff's petition for mandamus and in failing to grant plaintiff's motion for summary judgment. For the reasons discussed earlier that order is reversed and the cause will be remanded with directions to grant the motion for summary judgment and issue the writ of mandamus as prayed for in the petition.

Reversed and remanded.

RECHENMACHER, P. J., and BOYLE, J., concur.